## 31134. McCOY v. THE STATE.

INGRAM, Justice.

Appellant has filed this direct appeal from his armed robbery conviction by a jury in the Superior Court of Dougherty County. He received a sentence of 20 years, ten of which are to be served on probation. We find no reversible error for any reason enumerated in the appeal and, therefore, affirm the judgment of the trial court.

This is what happened: Frankary's Dress Shop, in Albany, Georgia, was robbed by a young black man with a pistol around noon on October 7, 1975. An employee of the shop described the events of the robbery and identified appellant as the perpetrator. Other witnesses testified they saw appellant in the area where the shop is located about the time the robbery was committed. One witness saw appellant run into an alley behind the shop, place something under the side shingles of a house near the alley and run away. The police were called and they found under the shingles a money bag and a pistol. A latent fingerprint on the pistol was identified as appellant's

fingerprint. Appellant orally admitted the commission of the crime to police officers in the presence of his sister and brother-in-law. At the trial appellant denied he committed the robbery, but the jury returned a verdict of guilty.

The first enumeration of error asserts the evidence was legally insufficient to authorize the guilty verdict. The evidence of appellant's guilt was in conflict but was sufficient to support the verdict of the jury. This enumeration is without merit. See *Anderson v. State,* 233 Ga. 464 (211 SE2d 754) (1975).

Other enumerations of error concern the admission into evidence of the opinion testimony of police officer Webb that the latent fingerprint she lifted from the pistol found at the house near the scene of the crime matched a known inked fingerprint of appellant. Appellant argues that Officer Webb was not qualified to render an expert opinion and it was error for the trial court not to require the inked fingerprint, which she compared to the latent print, to be introduced into evidence.

Officer Webb testified that she had been employed in the fingerprint section of the Albany Police Department for 2 3/4 years and that she had made approximately 150 print comparisons. Her testimony shows that she completed a one-year course in fingerprint identification at the Institute of Applied Science in Chicago, as well as basic and advanced courses in print identification at the Georgia Police Academy.

Whether an expert witness is qualified to give opinion testimony is addressed to the sound discretion of the trial judge. See *Barrow v. State,* 235 Ga. 635 (221 SE2d 416) (1975). See also *Braswell v. Owen of Ga.,* 128 Ga. App. 528, 532 (197 SE2d 463) (1973). There is nothing to show an abuse of that discretion in this case. Once qualified as an expert, Code Ann. § 38-1710 permits the expert to give opinion testimony. The jury can consider the expert's credentials and then give such weight and credit to the expert's testimony as it sees fit. See *Robinson v. State,* 225 Ga. 167, 169 (167 SE2d 158) (1969). The trial court did not err in admitting into evidence Officer Webb's opinion testimony that the latent print on the pistol and the inked fingerprint taken from appellant were from the same

person.

Appellant also argues that it was error for the trial court not to require the introduction into evidence of the inked print used for comparison by Officer Webb. She testified that in her opinion the two prints were from the same person. It was not necessary for the state to introduce the inked print in order to use her testimony. See *Turner v. State,* 235 Ga. 826, 829 (221 SE2d 590) (1976). These enumerations of error are without merit.

The final enumeration of error argues that several questions asked by the district attorney on cross examination of the appellant were irrelevant and the trial court erred in failing to exclude them upon objection. These questions related to appellant's activities with the Muslim faith. The transcript shows the questions objected to were relevant because of appellant's testimony on direct examination that he was of the Muslim faith and was furnished money he needed by members of that religious faith. As appellant injected the fact of his Muslim faith into the trial, he cannot reasonably complain that questions put to him about it on cross examination were irrelevant. We see no error in the cross examination.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 7, 1976 — DECIDED JUNE 22, 1976.

*Divine, Wilkin, Deriso & Raulerson, Walter M. Deriso,* for appellant.

*William S. Lee, District Attorney, Hobart M. Hind, Assistant District Attorney, Arthur K. Bolton, Attorney General, Susan V. Boleyn,* for appellee.