S91A1622. VAN ALSTINE v. THE STATE.
(413 SE2d 735)

WELTNER, Presiding Justice.

James Earl Van Alstine shot and killed Hal Abercrombie with a handgun. The homicide was the result of a gunfight between the two that erupted as their vehicles were being driven along an interstate highway. Van Alstine was convicted by a jury of felony murder, and was sentenced to life imprisonment.[1]

1. The evidence is sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. As regards Van Alstine's contention of ineffective assistance of counsel, in *Johnson v. State*, 259 Ga. 428 (383 SE2d 115) (1989), we held:

[T]he requirement . . . that an evidentiary hearing must be requested at the time of an amended motion for new trial does not apply to a case where the appellate counsel did not participate in the motion for new trial, and the issue of [inef-

---

[1] The homicide occurred on January 15, 1991. Van Alstine was indicted on February 5, 1991. He was found guilty on April 5, 1991, and was sentenced on April 9, 1991. His motion for new trial was filed on May 7, 1991, and denied on June 21, 1991. He was granted the right to an out-of-time appeal on July 18, 1991. A notice of appeal was filed on August 7, 1991. The appeal was docketed on September 4, 1991, and submitted without oral argument on October 18, 1991.

fective assistance] of counsel is raised for the first time on appeal. [Id. at 430.]

We apply that holding to this case, and remand to the trial court for a hearing on the claim of ineffective assistance.[2]

3. Contentions concerning the trial court's charge to the jury are without merit.

*Judgment affirmed and case remanded for hearing. Clarke, C. J., Bell, Hunt, Benham and Fletcher, JJ., concur.*

DECIDED JANUARY 16, 1992.

*J. Russell Mayer,* for appellant.

*Lewis R. Slaton, District Attorney, Carole E. Wall, Assistant District Attorney, Michael J. Bowers, Attorney General, Robert D. McCullers, Staff Attorney,* for appellee.

---

[2] Retained appellate counsel entered the case after a motion for new trial (made by trial counsel) was denied and after subsequently appointed counsel was denied the right to file a separate motion for new trial and granted only the right to file an out-of-time appeal. Compare *Ponder v. State,* 260 Ga. 840 (400 SE2d 922) (1991):

[A] claim of ineffective assistance of counsel may not be asserted in an out-of-time appeal unless appellate counsel pursues a motion for new trial, subsequent to the grant of the out-of-time appeal, in which the issue is raised and resolved by means of an evidentiary hearing. [Id. pp. 841-842.]