## S92A1092. VAN ALSTINE v. THE STATE.
(426 SE2d 360)

HUNSTEIN, Justice.

James Earl Van Alstine's conviction for felony murder was affirmed, *Van Alstine v. State*, 261 Ga. 819 (413 SE2d 735) (1992), but we remanded the case for a hearing on his claim of ineffective assistance of counsel. Id. at 820 (2). The trial court conducted the hearing and denied his claim. Van Alstine appeals.

The evidence at trial established that an exchange of insults occurred after the car in which appellant was a passenger made minor contact with the victim's vehicle on a city street. Both vehicles then proceeded slowly through rush hour traffic and merged onto an interstate highway. The State introduced evidence that appellant's car hunted down the victim's vehicle and that appellant fired his handgun at the victim, who returned fire with his own weapon before succumbing to his wounds. Appellant's defense was that the victim initiated the gunfight by firing into appellant's car and wounding one of appellant's sons, and that appellant fired back in order to protect himself and his sons.

Appellant contends his trial counsel was ineffective because counsel failed to consult with appellant when making the tactical decision to pursue an "all or nothing" strategy and failed to request a charge on voluntary manslaughter as a lesser included offense of malice murder. At the hearing on appellant's claim of ineffective assistance, appellant's trial counsel testified that he, appellant, and counsel for appellant's sons "felt very strongly" that they had a case of self-defense

based, inter alia, on the fact that there were "nine or ten bullet holes" in the car occupied by appellant and only "one or two bullet holes" in the victim's vehicle. The transcript reflects that trial counsel never told appellant there were lesser included offenses of murder which might possibly be available options for the jury and that such offenses carried lesser sentences than a conviction for malice murder or felony murder; that trial counsel did not discuss with appellant the decision to pursue the murder-or-acquittal strategy at trial; and that trial counsel rejected requesting a charge on voluntary manslaughter after discussing the matter only with co-counsel. The trial transcript reveals that at the prosecution's request, the trial judge had counsel for each defendant clarify for the record that they did not request a charge on voluntary manslaughter. However, at the hearing appellant testified that he did not hear this discussion and no one asked him about lesser included offenses at trial.

The trial court found that trial counsel had not consulted with appellant on the tactical decision to go to the jury on a "murder or nothing" posture, but found the decision to be an appropriate one for counsel to make and, in the absence of authority prohibiting counsel from making such a tactical decision, concluded that trial counsel violated no duty of consultation and rendered effective assistance of counsel.

> The Sixth Amendment to the United States Constitution, as applicable to the states through the due process clause of the Fourteenth Amendment, guarantees criminal defendants effective assistance of counsel. [Cits.] However, the constitutional right to assistance of counsel insures "not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance." [Cits.]

(Emphasis omitted.) *Austin v. Carter*, 248 Ga. 775, 779 (285 SE2d 542) (1982). In *Reid v. State*, 235 Ga. 378 (219 SE2d 740) (1975), this court found guidance in the ABA Standards for Criminal Justice, The Defense Function, § 5.2 (1974), as to what extent a defendant has the right to control decisions of trial counsel relating to the conduct of the trial.

> "Control and direction of the case. (a) Certain decisions relating to the conduct of the case are ultimately for the accused and others are ultimately for defense counsel. The decisions which are to be made by the accused after full consultation with counsel are: (i) what plea to enter; (ii) whether to waive jury trial; [and] (iii) whether to testify in

his [or her] own behalf. (b) The decisions on [what] witnesses to call, whether and how to conduct cross-examinations, what jurors to accept or strike, what trial motions should be made, and all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with his client."

*Reid*, supra at 379.

As noted in the commentary to ABA Standard 4-5.2 (2nd ed. 1980),[1] "[m]any of the rights of an accused . . . are such that only trained experts can comprehend their full significance, and an explanation to any but the most sophisticated client would be futile." However, the commentary also recognizes that it is "important in a jury trial for the defense lawyer to consult fully with the accused about any lesser included offenses the trial court may be willing to submit to the jury." The commentary goes further to state that "[i]ndeed, because this decision is so important as well as so similar to the defendant's decision about the charges to which to plead, the defendant should be the one to decide whether to seek submission to the jury of lesser included offenses." Commentary, ABA Standard, supra at p. 4-68.

We agree with the stress placed by the ABA Standard 4-5.2 commentary on the importance of full consultation between defense lawyers in a jury trial and accuseds about the lesser included offenses the trial court may be willing to submit to the jury, especially in prosecutions for malice murder and felony murder. However, we do not agree with the commentary that the decision whether to seek submission to the jury of lesser included offenses rises to the same level as the decision to plead guilty or not guilty to charged offenses so as to require the defendant alone to make that decision. A person accused of committing a crime is required by law upon arraignment to answer the indictment or accusation read to him. OCGA § 17-7-93 (a). No such mandate is placed upon the decision whether to seek the submission to the jury of lesser included offenses. Rather, that decision is often based on legal complexities only the most sophisticated client could comprehend, not unlike the tactical decisions involved regarding the assertion of technical defenses. E.g., *Berryhill v. Ricketts*, 242 Ga. 447, 450-451 (3) (249 SE2d 197) (1978) (held, counsel not ineffective for failing to present defense of insanity, where after sufficient factual investigation and legal research, counsel determined that defense, though proper to assert, was unrealistic and could prove disadvantageous to the defense).

---

[1] ABA Standard 4-5.2 (2nd ed. 1980) varies only stylistically from the version relied upon in *Reid*, supra.

Therefore, while we conclude that it is critically important for defense lawyers in a jury trial to consult fully with accuseds in such vital matters as the decision whether to pursue an "all or nothing" defense and whether to request the lesser included offenses the trial court may be willing to submit to the jury, and that the effect of a failure to so consult must be rigorously scrutinized when ineffective assistance of counsel is asserted, we do not find that failure to follow this crucial practice in every case constitutes ineffective assistance of counsel as a matter of law. Rather, as we noted in *Reid*, supra at 380, our inquiry must focus on "what is the consequence when that practice has not been followed."

In the case sub judice, appellant's trial counsel consulted several times with appellant and knew from those consultations that appellant "strongly" shared counsel's position that the case was one of self-defense. The strength of appellant's conviction was reflected in his testimony at the hearing on his motion, during which he continued to maintain he had acted solely in defense of self and family and acknowledged that it "has always been [his] opinion" that he was not guilty of murder or voluntary manslaughter. When asked whether trial counsel had discussed the matter with him, appellant testified that "we didn't discuss that *because I wasn't guilty* of murder or voluntary manslaughter. . . . I wasn't guilty of any of that. I'm guilty of protecting myself and my family." (Emphasis supplied.)

The burden was on appellant to establish he received ineffective assistance of trial counsel. See *Bowley v. State*, 261 Ga. 278, 280 (4) (404 SE2d 97) (1991). As to appellant's claim of ineffectiveness based on counsel's failure to consult, the evidence adduced by appellant does not contain the slightest indication that he would have entertained a suggestion from counsel to submit to the jury the possibility that he had acted out of the "sudden, violent and irresistible passion" required for the offense of voluntary manslaughter. OCGA § 16-5-2 (a). Rather, the hearing transcript clearly reflects that both appellant and his trial counsel were in total agreement about presenting appellant's case to the jury on the basis of defense of self and family. As to appellant's claim of ineffectiveness based on counsel's failure to request a charge on voluntary manslaughter, there is no evidence that that failure was due to inexperience or lack of preparation. Compare *Ross v. Kemp*, 260 Ga. 312 (393 SE2d 244) (1990); *Leggett v. State*, 241 Ga. 237, 238 (244 SE2d 847) (1978). Rather, the hearing transcript establishes that the charge was declined pursuant to an informed strategic choice by trial counsel which comported with appellant's strong feelings about the justification defense.

> While other counsel, had they represented appellant, may have exercised different judgment, the fact that the trial

counsel chose to try the case in the manner in which it was tried and made certain difficult decisions regarding the defense tactics to be employed with which appellant and his present counsel now disagree, does not require a finding that the representation below was so inadequate as to amount to a denial of effective assistance of counsel. [Cit.]

*Solomon v. State*, 247 Ga. 27, 29 (277 SE2d 1) (1981). Accordingly, the trial court did not err by denying appellant's claim of ineffective assistance of counsel.

*Judgment affirmed. Clarke, C. J., Hunt, P. J., Benham, Fletcher and Sears-Collins, JJ., concur.*

DECIDED FEBRUARY 25, 1993 —
RECONSIDERATION DENIED MARCH 19, 1993.

*J. Russell Mayer,* for appellant.

*Lewis R. Slaton, District Attorney, Carole E. Wall, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Robert D. McCullers, Staff Attorney,* for appellee.

