A93A0180. WILLEY v. THE STATE.
(433 SE2d 674)

ANDREWS, Judge.
Willey was convicted of one count each of kidnapping, armed

robbery, aggravated assault, rape, and possession of a knife during the commission of a felony. Additionally, under the sixth count, he was sentenced as a recidivist.

1. Considering first the fourth enumeration, which addresses the sufficiency of the evidence regarding the crime of rape, we find no error. Viewed in favor of the jury's verdict, the evidence showed, and defendant acknowledged, that he forced himself into the car with the victim as she was leaving her job at a shopping center. He was in possession of both a steak knife and a Swiss army knife. He forced the victim to drive to a secluded area. At that point, he forced the victim into the reclining seat of the automobile and sexually assaulted her. Defendant acknowledges all of these acts, contending, with regard to the rape, only that penetration was not achieved. The victim testified that, although Willey encountered some difficulty, penetration was achieved repeatedly. Her testimony was buttressed by the scientific testimony regarding the finding of sperm on the slides contained in the rape kit taken from the victim. " ' "On appeal, our review is restricted to the legal sufficiency of the evidence, not the weight of the evidence." [Cit.]' [Cit.] . . . The jury was authorized to reject [appellant's] testimony and accept the victim's . . . testimony. [Cit.] Further, we have reviewed the transcript and find sufficient evidence to authorize the jury's findings that [appellant] was guilty beyond a reasonable doubt, of the offense of [rape]. . . . [Cits.]" *Cook v. State*, 198 Ga. App. 886, 887 (1) (403 SE2d 872) (1991); *Brady v. State*, 207 Ga. App. 451 (1) (428 SE2d 373) (1993).

2. The second enumeration claims error in the trial court's refusal to allow Willey an expert witness for purposes of investigating DNA evidence.

Trial counsel did file a motion for the appointment of such an expert on June 3, 1992. The premise for the motion was that DNA typing had been used to identify Willey as the perpetrator of the rape. Defense counsel had been provided with a copy of the Georgia Crime Lab DNA report.

At the first day of trial, June 8, 1992, a statement on the record was made by trial counsel for defendant indicating he understood the court's ruling that his motion for appointment of an expert need not be reached at that point due to the fact that the State was not intending to introduce evidence regarding the DNA typing procedures. Nonetheless, counsel did not withdraw that motion nor, during that discussion with the court, did counsel further demand that an expert be appointed to analyze the evidence. No such DNA evidence was introduced during the course of the trial.

It is true that "[a] criminal defendant is entitled at his expense on motion timely made to have an expert of his choosing examine critical evidence which may be subject to varying expert opinion.

*Sabel v. State*, 248 Ga. 10 (282 SE2d 61) (1981)." *Denison v. State*, 258 Ga. 690, 691 (2) (373 SE2d 503) (1988). Here, however, since the witness positively identified Willey as the person who attacked her, he admitted that he was present, took money from her, assaulted her, and was cut on the arm by the victim as they struggled for the knife, it is unclear how the DNA evidence was "critical" evidence concerning his guilt or innocence. See *Harrison v. State*, 201 Ga. App. 577, 580 (1) (411 SE2d 738) (1991). There was no error in the court's denial of this motion.

3. The third enumeration is that the court erred in allowing the State's serologist to give her "conclusion as to the ultimate issue of penetration."

In response to the question by the State as to what conclusion the presence of spermatozoa in the rape examination kit led her, the serologist stated that her conclusion was that "sexual intercourse took place for those spermatozoa to be present." No objection to this testimony was made at trial. "Objections not raised at trial cannot be raised for the first time on appeal, as they are deemed waived. [Cit.]" *Fancher v. State*, 190 Ga. App. 438, 439 (1) (378 SE2d 923) (1989); *Johnson v. State*, 204 Ga. App. 277 (1) (419 SE2d 118) (1992).[1]

4. In his first enumeration, Willey contends the court failed to conduct a pre-sentence investigation pursuant to OCGA § 17-10-2 (a). The record reveals, however, that the court did inquire of Willey and his counsel after the jury had been excused if they were ready to proceed with sentencing. Counsel responded in the affirmative and the court gave every available opportunity to introduce evidence. There was no error. *Thompson v. State*, 195 Ga. App. 18, 21 (3) (392 SE2d 732) (1990).

5. Finally, Willey contends that his trial counsel rendered ineffective assistance.

Appellate counsel did not represent Willey at the trial of the case. On June 29, 1992, a motion for new trial on the general grounds was filed by trial counsel. On July 14 appellate counsel was appointed by the court for purposes of this appeal. On August 5, 1992, appellate counsel filed a motion for continuance of the hearing on the motion for new trial which was granted for a period of 20 days. The order denying the motion for new trial, after hearing, was entered on August 27, 1992. No transcript of that hearing has been provided for purposes of appeal and the first mention of the effectiveness of counsel issue is that contained in the enumeration of error and brief. No amendment to the motion for new trial, as provided for in OCGA § 5-

---

[1] Pretermitting the waiver of this objection, it is noted that such evidence was admissible. *State v. Butler*, 256 Ga. 448, 450 (2) (349 SE2d 684) (1986).

5-40 (b), was made below.

Under these circumstances, it is apparent that Willey has failed to raise this issue at the earliest practical moment so as to preserve the issue for our review. *Van Alstine v. State*, 261 Ga. 819 (2) (413 SE2d 735) (1992); *Ponder v. State*, 260 Ga. 840, 841 (1) (400 SE2d 922) (1991); see *Maxwell v. State*, 262 Ga. 541, 542 (3) (422 SE2d 543) (1992).

*Judgment affirmed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED JUNE 28, 1993 —
RECONSIDERATION DENIED JULY 13, 1993.

*Albert F. Burkhalter, Jr.*, for appellant.

*Stephen F. Lanier, District Attorney, Fred Simpson, Assistant District Attorney*, for appellee.