S99A0450. EDWARDS v. THE STATE.
(514 SE2d 833)

HUNSTEIN, Justice.

A jury found Kenneth Edwards guilty of the malice murder of Steven Jenkins, as well as burglary and possession of a firearm during the commission of a crime. Edwards was sentenced to life imprisonment for the murder, twenty years on the burglary conviction to be served concurrently, and a consecutive five-year term for the possession of a firearm conviction. He appeals following the denial of his motion and extraordinary motion for new trial and we affirm.[1]

1. The evidence shows that Edwards had been involved in a spo-

---

[1] The crime occurred on August 31, 1991. Edwards was indicted by the Richmond County grand jury on February 25, 1992. He was tried by a jury on November 2 and 3, 1995 and convicted of malice and felony murder, burglary, and possession of a firearm during the commission of a crime. Edwards filed a motion for new trial on December 29, 1995 which was amended via an extraordinary motion for new trial on September 2, 1998. The motions were denied on November 10, 1998. Edwards filed a notice of appeal to this Court on November 19, 1998. The appeal was docketed on December 17, 1998 and submitted to the Court for a decision on the briefs on February 8, 1999.

radic relationship with Janice Wilcher; she had three children fathered by Edwards. On the afternoon of August 30, 1991, Wilcher dropped off her children at her mother's house where Edwards was staying. That evening, Wilcher and her boyfriend, Steven Jenkins, went to a night club. From the club they called Wilcher's sister, Grace, and asked her to join them. The three stayed at the club until about 4:00 a.m. Wilcher carried an intoxicated Jenkins, with her sister's help, to the car and drove him to her apartment. When Grace later arrived at her mother's house, Edwards asked where Wilcher was. Grace told him she was at the club with a girlfriend. Edwards then drove to Wilcher's apartment. Because Wilcher would not let him in, Edwards kicked the door in and struggled with Wilcher until she broke free and ran to a neighbor's house. Edwards went into the bedroom where Jenkins lay sleeping and shot him twice in the head, killing him.

Edwards contends the evidence is insufficient to establish the element of intent necessary to support the murder conviction because he was the only eyewitness to the shooting and he testified that he acted in self-defense. The State presented evidence that Jenkins was unarmed and sleeping when Edwards shot him twice in the head. The credibility of Edwards' testimony of self-defense was a matter for the jury and the jury was authorized to convict if that testimony was at variance with other direct and circumstantial evidence. *Terry v. State*, 243 Ga. 11 (1) (252 SE2d 429) (1979). We find the evidence at trial is sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt that Edwards was guilty of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Edwards contends he was denied effective assistance of counsel. This issue was raised in his extraordinary motion for new trial and ruled upon by the trial court, but Edwards failed to include a transcript of the hearing conducted on that motion in the record on appeal. Accordingly, we must presume the trial court was authorized to find that Edwards failed to meet the burden of showing a denial of his right to counsel. *Johnson v. State*, 270 Ga. 234 (7) (507 SE2d 737) (1998).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 12, 1999.

*Samuel W. Cruze*, for appellant.
*Daniel J. Craig*, District Attorney, *Charles R. Sheppard*, Assistant District Attorney, *Thurbert E. Baker*, Attorney General, *Paula K.*

*Smith, Senior Assistant Attorney General, Frank A. Ilardi, Assistant Attorney General,* for appellee.