S99A1471. WALTON v. THE STATE.
S99A1472. WILLIAMS v. THE STATE.
(526 SE2d 333)

THOMPSON, Justice.

A jury convicted Terry Walton and Terrence Williams of malice murder. These appeals followed the denial of their motions for new trial.[1]

Viewing the evidence in a light favorable to the jury's verdict, we find the following: On the morning of March 14, 1993, Stanley Jones took seven grams of crack cocaine from Williams. Jones refused to pay Williams, claiming Williams had "shorted" him in previous transactions. Williams was very angry. At 2:00 p.m., he rounded up Walton, Ernest Bonner, and J. P. Fields, to look for Jones. Later, Williams' brother told Williams that Jones would be at a nursing home at 11:00 p.m. to pick up his wife from work. At approximately 10:45 p.m., Williams drove Walton and Bonner to the nursing home. When Jones arrived, Walton asked Williams what he wanted done. Williams said, "I want him dead." Bonner gave Walton his gun, and Williams pulled up alongside Jones's car. Walton fired three shots at Jones and killed him. Later, Williams gave Walton and Bonner $800 and an undetermined amount of cocaine. Bonner was subsequently arrested in Michigan. He gave a statement to the police in which he admitted his participation in the murder and implicated Williams and Walton. When Walton was arrested, the police told him that Bonner gave a statement in which he identified Williams as the driver and Walton as the triggerman. Walton replied: "That's basically correct."

1. The evidence was sufficient to enable any rational trier of fact to find Walton and Williams guilty of malice murder beyond a rea-

---

[1] Williams, Walton, Bonner, and Marvin Williams were indicted and charged with malice murder. Bonner pled guilty to voluntary manslaughter. A jury convicted Terrence Williams and Walton of malice murder, and found Marvin Williams not guilty. This Court reversed Walton's conviction and ordered a new trial because the State improperly exercised a peremptory strike. *Walton v. State,* 267 Ga. 713 (482 SE2d 330) (1997). Walton and Williams were retried in October 1998, but the court declared a mistrial. Another trial commenced on January 4, 1999. The jury found defendants guilty and they were sentenced to life in prison on January 8, 1999. Defendants' timely filed motions for new trial were denied on June 7, 1999, and defendants jointly filed a notice of appeal on June 10, 1999. The cases were docketed in this Court on July 1, 1999, and submitted for a decision on the briefs on August 23, 1999.

sonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his closing argument to the jury, the prosecutor said: "Look at this evidence and don't let these killers loose on our streets, please. Don't let a situation happen where you, and me, and Terry Williams and Walton get on the elevator together and ride out." Even if it can be said that this was an improper "future dangerousness" argument, see *Wyatt v. State*, 267 Ga. 860, 863 (2) (485 SE2d 470) (1997), any possible error was harmless in light of the overwhelming evidence of guilt. Id. at 865.

3. The trial court did not err in permitting the State to introduce the former testimony of J. P. Fields, which was given at the first trial, pursuant to OCGA § 24-3-10.[2] The State showed that it tried to find Fields by checking local data bases, speaking with his mother, ex-wife and daughter, and contacting the police in Michigan and California. In light of that showing, it cannot be said that the trial court abused its discretion in determining that Fields was inaccessible. See *Jones v. State*, 250 Ga. 166, 168 (296 SE2d 598) (1982) (whether party seeking to use absent witness's former testimony used due diligence to locate him is a factual question addressed to the trial court's discretion). See also *Holmes v. State*, 271 Ga. 138, 140 (516 SE2d 61) (1999) (test of unavailability or inaccessibility is same for both necessity exception and prior testimony exception to hearsay rule).

Walton's contention that Fields' prior testimony was unreliable and violated his right of confrontation is without merit. Fields' prior testimony satisfied OCGA § 24-3-10 and, therefore, was inherently reliable. See *Livingston v. State*, 268 Ga. 205, 210 (2) (486 SE2d 845) (1997) (out-of-court statements which fall within firmly-rooted hearsay exception satisfy constitutional requirement of reliability). Besides, Fields' prior testimony was given under oath and subject to a thorough cross-examination by Walton in the previous trial. See generally *State of Ga. v. Jackson*, 269 Ga. 308, 310 (496 SE2d 912) (1998) (right of confrontation insures that witness will give statement under oath which is subject to cross-examination).

4. It cannot be said that the trial court erred in failing to charge on "mere presence at the scene of the crime." As this Court observed in *Carter v. State*, 263 Ga. 401, 403 (435 SE2d 42) (1993), in which the failure to give a "mere presence" instruction was also at issue:

---

[2] This Code section reads:

The testimony of a witness since deceased, disqualified, or inaccessible for any cause which was given under oath on a former trial upon substantially the same issue and between substantially the same parties may be proved by anyone who heard it and who professes to remember the substance of the entire testimony as to the particular matter about which he testifies.

In order for the trial court's failure to give a requested instruction to constitute reversible error, the refused request must be "a correct statement of law that is pertinent and material to an issue in the case and not substantially covered by the charge actually given. [Cits.]" *Pruitt v. State*, 258 Ga. 583, 588 (13) (373 SE2d 192) (1988). The record in the instant case does not contain a copy of any timely filed request to instruct on "mere presence." Accordingly, the requisite preliminary determination as to the legal accuracy of appellant's refused request cannot be made. Compare *Pruitt v. State*, supra at 588 (13) (c). However, even assuming that the refused request was an accurate statement of the law, the trial court's failure to have given it was not reversible error. The trial court's charge, as actually given, was full and fair and substantially covered all the legal principles relevant to the determination of appellant's guilt. *Muhammad v. State*, 243 Ga. 404, 405 (1) (254 SE2d 356) (1979). See also *Bowley v. State*, 261 Ga. 278, 279 (2) (404 SE2d 97) (1991).

5. Trajectory evidence was not critical to this case. Moreover, such evidence would not have been "highly unusual in nature," or anything other than routine scientific analysis. See *Roseboro v. State*, 258 Ga. 39, 40 (365 SE2d 115) (1988). It follows that the trial court did not abuse its discretion in denying Walton's motion for funds to hire a trajectory expert to assist in his defense. *Crawford v. State*, 267 Ga. 881, 883 (2) (485 SE2d 461) (1997).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 14, 2000.

*Hagler, Hyles, Adams & Hix, Clark C. Adams, Jr., William P. Nash, Jr.,* for appellants.

*J. Gray Conger, District Attorney, Alonza Whitaker, Edwin L. Albright, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Adam M. Hames, Assistant Attorney General,* for appellee.