## S00A1025. TAYLOR v. THE STATE.
(534 SE2d 67)

BENHAM, Chief Justice.

Appellant Kevin Taylor was convicted of malice murder, two counts of felony murder, criminal attempt to commit armed robbery,

and burglary in connection with the death of Anthony Bailey.[1] Bailey lived with his mother, Patricia Ross, his aunt, Katherine Ross, and a cousin in a house commonly referred to by residents of the neighborhood as the "House of Pain" because of the frequent drug sales that occurred there. Leonard Parks, who also used to live in the house, was the former boyfriend of another aunt of Bailey. In December 1997, Bailey stole Parks' car, removed the stereo, and returned the car to Parks. Parks told Katherine Ross about Bailey's actions and that he was going to have him beaten for stealing his stereo.

On January 23, 1998, Parks testified that he, Taylor and Ronnie Purvis went to Bailey's home to rob it. Parks dropped Taylor and Purvis a block away from the house. Taylor and Purvis then walked up to the house and kicked the door in. One of the men went to a room where Patricia Ross was with her boyfriend, pulled a gun and demanded money and drugs. The other man went into the bedroom where Bailey was and shot him twice, killing him. It is not clear which man was the shooter.

1. In his first and second enumerations of error, Taylor contends the trial court erred in failing to charge the jury on identity and misapprehension of fact or mistaken belief. It is error to refuse to give a charge only where the request is " 'a correct statement of law that is pertinent and material to an issue in the case and not substantially covered by the charge actually given.' [Cit.]" *Walton v. State*, 272 Ga. 73 (4) (526 SE2d 333) (2000). The trial court did not err in refusing to charge the jury on the issues of identity and misapprehension of fact or mistaken belief because the charges were not pertinent and material to the issues to be considered by the jury. Taylor's request for a charge on the issue of identity[2] was not pertinent and material

---

[1] The crimes were committed on January 23, 1998. On October 8, 1998, Taylor and two others were indicted for malice murder, two counts of felony murder, aggravated assault, criminal attempt to commit armed robbery and burglary. Taylor was also indicted for possession of a firearm by a convicted felon. The three defendants were tried separately. Taylor went to trial from May 25 through May 28, 1999, and was convicted by the jury of malice murder, both counts of felony murder, criminal attempt to commit armed robbery, and burglary. He was acquitted of the aggravated assault charge and a nolle prosequi judgment was entered on the possession of a firearm charge. On September 3, 1999, the trial court sentenced Taylor to life for the malice murder conviction and 20 years for the burglary conviction, to be served consecutively. The remaining convictions were vacated by operation of law. *Malcolm v. State*, 263 Ga. 369 (4), (5) (434 SE2d 479) (1993). Taylor filed a motion for new trial on September 9, 1999, which was denied on January 6, 2000. He filed a motion for out-of-time appeal on February 9, 2000, which was granted on February 10, 2000. Taylor filed his appeal to this Court on February 16, 2000, which was docketed on March 8, 2000. The case was submitted for a decision on briefs.

[2] Taylor requested a charge that stated in part:
Identity is a question of fact for determination by the jury. It is dependent upon the credibility of the witness or witnesses making the identification, and you have the right to consider all of the factors previously charged you regarding credibility of witnesses. . . .

because the state did not rely upon eyewitness identification to connect Taylor to the crime, but rather on Taylor's own statement to the police and the testimony of Parks and another man who knew Taylor. In any event, the trial court charged the jury on the state's burden to prove every material allegation and essential element of the crime charged beyond a reasonable doubt. "The trial court's charge, as actually given, was full and fair and substantially covered all the legal principles relevant to the determination of appellant's guilt." *Walton*, supra.

With respect to the trial court's refusal to charge the jury on misapprehension of fact or mistaken belief, Taylor argues that the evidence shows that he only had the intent to rob, rather than kill, and therefore was entitled to have the jury charged on the issue.[3] OCGA § 16-3-5 states, "A person shall not be found guilty of a crime if the act or omission to act constituting the crime was induced by a misapprehension of fact which, if true, would have justified the act or omission." Even though Taylor may have been mistaken about the purpose of the intrusion into the victim's house, his mistaken impression did not justify breaking into the victim's house and attempting to rob its inhabitants. *Hawkins v. State*, 260 Ga. 138 (5) (390 SE2d 836) (1990). Thus, the requested charge on misapprehension of fact or mistaken belief was not pertinent and material to the issues to be considered by the jury.

2. In his third enumeration of error, Taylor contends it was error for the trial court to refuse to allow him to ask Parks during cross-examination whether Taylor or Purvis would have been more likely to say "Here is the one we want." Taylor alleges that the question regarding the statement would have assisted in determining who the

---

The charge then outlined several factors in evaluating the reliability of eyewitness identification and further explained the state's burden with respect to proving the identity of the perpetrator of the crime.

Taylor also requested a pattern charge that stated in part:

It is for you to say, whether, under the evidence in this case, the testimony of the witnesses, and the facts and circumstances of the case, sufficiently identify this defendant as the perpetrator of the alleged crime, beyond a reasonable doubt. It is not necessary that the defendant show that another person committed the alleged offense. It is sufficient if there are facts and circumstances in this case which would raise a reasonable doubt as to whether this defendant is, in fact, the person who committed the alleged crime. . . .

[3] Taylor requested the following charges on misapprehension of fact and mistaken belief:

A person shall not be found guilty of a crime if the act or omission to act constituting the crime was induced by a misapprehension of fact, which, if true, would have justified the act or omission.

OCGA § 16-3-5.

Where knowledge is made an element of the offense, so that knowledge must be proved by the state, an honest, but mistaken, belief of a fact may negate criminal intent.

actual shooter was because witnesses heard the statement uttered immediately before the victim was shot. According to Taylor, the person who uttered that statement was probably first to find Bailey in the house and consequently would have been able to recognize Bailey before the crime. Taylor further alleges that Parks would have known which of two, Taylor or Purvis, would have been familiar with Bailey's appearance and thus more likely to have uttered the statement. The trial court did not abuse its discretion when it limited cross-examination of Parks because the question to be asked called for speculation. *White v. State*, 268 Ga. 28 (3) (486 SE2d 338) (1997). Even if the question were not speculative, Taylor was not harmed by the trial court's ruling because he was able to elicit testimony from Parks through other questions that Purvis was most likely the shooter.

3. The evidence presented at trial was sufficient to support Taylor's convictions. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

For the reasons stated above, we affirm the rulings of the trial court.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 11, 2000.

*William T. Hankins III*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Adam M. Hames, Assistant Attorney General,* for appellee.