## S01A1493. WADE v. THE STATE.
### (560 SE2d 14)

SEARS, Presiding Justice.

The appellant, Jonathan Wade, appeals from his convictions of malice murder, armed robbery, and forgery stemming from the death of Jorge Barrios.[1] On appeal, Wade contends, among other things, that the trial court erred in ruling against his claim that he received ineffective assistance of trial counsel, that the trial court erred in admitting similar transaction evidence, and that the trial court erred in admitting into evidence a statement that he made while in police custody. For the reasons that follow, we conclude that these contentions, as well as the other contentions that Wade raises on appeal, have no merit. Accordingly, we affirm the trial court's judgment.

1. Wade first contends that the evidence is insufficient to support his convictions. We disagree. Viewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found that Wade was having financial difficulties at the time of the crimes; that Wade, who worked with Barrios, killed Barrios with a blunt force object to obtain Barrios's payroll check; and that Wade cashed that check at a local convenience store. Accordingly, we conclude that the evidence is sufficient to support Wade's convictions for malice murder, armed robbery, and forgery.[2]

2. Contrary to Wade's contention, we conclude that the trial court did not err in permitting the State to introduce, as a similar

---

[1] The crimes occurred on November 14, 1996, and Wade was indicted on August 4, 1997. On February 27, 1998, a jury found Wade guilty of malice murder, two counts of felony murder, armed robbery, aggravated assault, robbery, and forgery. On March 18, 1998, the trial court sentenced Wade to life in prison for malice murder, to twenty consecutive years in prison for armed robbery, and to ten consecutive years in prison for forgery. The felony murder convictions were vacated by operation of law, *Malcolm v. State*, 263 Ga. 369, 371-372 (4) (434 SE2d 479) (1993), and the court merged the robbery conviction into the conviction for armed robbery. On March 25, 1998, Wade filed a motion for new trial. Wade filed a pro se amended motion for new trial on January 31, 2000, contending that he had received ineffective assistance of trial counsel. On February 16, 2000, the trial court appointed Wade new appellate counsel. The court reporter certified the trial transcript on July 27, 2000, and on April 2, 2001, Wade filed an amended motion for new trial. On May 15, 2001, the trial court denied Wade's motion for new trial, as amended. On June 6, 2001, Wade filed a notice of appeal to the Court of Appeals. On June 29, 2001, the Court of Appeals transferred the appeal to this Court, and on July 10, the appeal was docketed in this Court. On September 3, 2001, the appeal was submitted for decision on briefs.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

transaction, evidence that Wade attacked his grandmother and her former landlord in an attempt to steal money from them. In both the present case and the prior case, Wade stole money or attempted to steal money through the use of force. Moreover, in the prior case, Wade told an investigating officer that he had intended to burn the clothing that he had worn during the crime, and in the present case, Wade, in fact, told the police that he had burned the clothing that he had worn and had burned the victim's wallet, as well as some papers he had taken from the victim. We conclude that the trial court did not err in concluding that there was a sufficient similarity between the two crimes for evidence of the prior crime to be admissible.[3]

3. Wade contends that the trial court erred in admitting into evidence the statement he made to police in which he admitted that he cashed Barrios's check at the convenience store. When Wade was first questioned by the police, he invoked his right to counsel, and the police stopped the interview. Although Wade acknowledges that he initiated a second conversation with the police that resulted in the statement in question, he contends that the statement was involuntary. The record, however, supports the trial court's finding, made after a *Jackson-Denno* hearing, that Wade initiated the second conversation with the police, and that the statement was made knowingly and voluntarily.[4]

4. Wade contends that the trial court erred in admitting into evidence a videotape from a surveillance camera at the convenience store that showed Wade cashing a check on the date of the crime. According to Wade, the State failed to establish a proper foundation for admitting the videotape. However, based upon the testimony of the store employee who appeared on the videotape and based upon the testimony of the convenience store owner "who had viewed the tape and testified as to the store's procedures regarding the surveillance camera,"[5] we conclude that the State properly authenticated the videotape.[6]

5. At Wade's trial, the trial court found that a witness who gave testimony at Wade's first trial[7] was inaccessible or unavailable for the second trial, and pursuant to OCGA § 24-3-10, the court ruled that the State could introduce the testimony given by the witness at Wade's first trial. In his fifth enumeration of error, Wade contends that the trial court erred in ruling that the witness was inaccessible

---

[3] See *Gardner v. State*, 273 Ga. 809, 811-812 (546 SE2d 490) (2001).

[4] *Harvey v. State*, 274 Ga. 350, 351-352 (554 SE2d 148) (2001).

[5] *Tolver v. State*, 269 Ga. 530, 532 (500 SE2d 563) (1998).

[6] See *Tolver*, 269 Ga. at 532; OCGA § 24-4-48 (c).

[7] The first trial ended when the trial court granted a motion for mistrial made by Wade on the ground that a witness had improperly placed his character into evidence.

within the meaning of § 24-3-10. We disagree.

The State showed that the local sheriff tried to find the witness by speaking with people that he lived with at his last known address, by speaking with his acquaintances, and by speaking with people at the mill where he last worked. Moreover, an interpreter who did free-lance work at the mill where the witness last worked testified that she had told the witness after the first trial that he was to keep her informed "of his whereabouts and any moves or changes in address," but that she had not heard from him. Finally, a friend and co-worker of the witness testified that he had not seen or heard from the witness in about three months.

The issue whether an absent witness is "inaccessible" within the meaning of OCGA § 24-3-10 is addressed to the sound discretion of the trial court,[8] and under the circumstances of this case, we cannot conclude that the trial court abused its discretion in ruling that the witness was inaccessible or unavailable.[9]

6. Wade contends that, in denying his motion for new trial, the trial court erred in ruling against his claim that he received ineffective assistance of trial counsel. However, because there is no transcript on appeal of the hearing on the motion for new trial, we must presume that the trial court was authorized to find that Wade failed to carry his burden to show that he received ineffective assistance of counsel.[10]

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 25, 2002.

*Don W. Thompson*, for appellant.

*Herbert E. Franklin, Jr., District Attorney; Michael J. Moeller, Assistant District Attorney, Thurbert E. Baker, Attorney General, Ruth M. Bebko, Assistant Attorney General*, for appellee.

---

[8] *Walton v. State*, 272 Ga. 73, 74 (526 SE2d 333) (2000).

[9] Id. In addition, we note that it does not appear that the State, after obtaining a ruling that the witness's prior testimony was admissible, ever presented that testimony to the jury in the present case.

[10] *Edwards v. State*, 271 Ga. 3, 4 (514 SE2d 833) (1999); *Johnson v. State*, 270 Ga. 234, 239-240 (507 SE2d 737) (1998).