## A02A2167. FULCHER v. THE STATE.
(578 SE2d 264)

ADAMS, Judge.

Kevin Lee Fulcher was convicted of kidnapping with bodily injury, robbery, gang activity, and terroristic threats. He enumerates 14 errors.

Construed in favor of the verdict, the evidence shows that on February 27, 1997, the victim, who was of Korean and Native American descent, was walking alone along Lawrenceville Highway on his way to cash his paycheck when a car pulled over near him. Fulcher and two other men got out of the car, and Fulcher physically picked

up the victim and placed him in the front seat between the other two men. Fulcher sat behind the victim along with two young women, and he told the victim that they were going to have a "boot party."

During the drive, the victim was searched and his check was taken. Throughout the drive, the victim was asked if he knew what a skinhead was, and he was threatened with being raped, beaten, sprayed with mace, forced to drink Drano, dragged behind the car, disemboweled, and killed. In addition to making several of the threats, Fulcher said, "We're skinheads. We don't like people with your color. White people rule. We're white supremacists. We're with an organization, and we go out and we'll kill people like you. Just last week, we had done the same thing to a black guy." Ultimately, the victim was taken to a field where he was kicked and beaten by all three men who were wearing combat boots at the time.

1. In two enumerations, Fulcher contends that, in denying his motion for new trial, the trial court erred in ruling against his claim that he received ineffective assistance of trial counsel prior to, during, and subsequent to trial. But Fulcher apparently chose not to have a hearing on his motion for new trial — there is no transcript, and therefore we must conclude that the trial court was authorized to find that Fulcher failed to show that he received ineffective assistance of counsel. Cf. *Wade v. State*, 274 Ga. 791, 793 (6) (560 SE2d 14) (2002). See also *Green v. State*, 274 Ga. 686, 689 (3) (558 SE2d 707) (2002).

Moreover, Fulcher only makes bare assertions with regard to the alleged deficient performance of his trial counsel prior to and during the trial, and yet he has not provided any citations to the record or transcript to support the assertions, he did not introduce any evidence in connection with his motion for new trial, and he has not shown how any of the alleged deficiencies prejudiced his defense. The burden of establishing a claim of ineffective assistance of counsel falls squarely on the appellant, and Fulcher has not carried that burden. See *Smith v. State*, 209 Ga. App. 540, 542 (3) (433 SE2d 694) (1993).

With regard to post-trial, Fulcher contends that his trial counsel failed to properly prosecute his appeal. This enumeration is moot because Fulcher already received relief on these grounds when a court granted his petition for habeas corpus.

2. Fulcher did not receive an illegal or improper sentence for kidnapping with bodily injury. That crime carries the punishment of life imprisonment or death, and Fulcher received life. See OCGA § 16-5-40 (b). Reading OCGA § 17-10-6.1 in its entirety shows that subsection (b) does not, as Fulcher claims, reduce the applicable sentence to a minimum ten years with life being discretionary; rather it simply establishes a mandatory minimum sentence for certain serious vio-

lent felonies, including kidnapping. This legislative intent is stated in the preamble to the original act. See Ga. L. 1994, p. 1959.

3. Fulcher challenges his conviction and sentence for robbery, terroristic threats, and gang activity for several reasons. We find no error.

The evidence was sufficient to convict Fulcher of robbery. He was more than merely present for the robbery: he abducted the victim; he agreed with everyone that they should cash the check; and he drove the car part of the time, including to a check cashing store. "While mere presence at the scene of a crime is not sufficient evidence to convict, criminal intent can be inferred from companionship, presence, and conduct before, during, and after an offense." (Footnote omitted.) *Cutkelvin v. State*, 258 Ga. App. 691, 694 (1) (574 SE2d 883) (2002).

With regard to terroristic threats, we disagree that the acts alleged were necessarily included in the charge of kidnapping with bodily harm. The fact that Fulcher made terroristic threats during the kidnapping does not change the fact that the two crimes do not share the same essential elements. See OCGA § 16-1-6. Cf. *Johnson v. State*, 247 Ga. App. 157, 163 (12) (543 SE2d 439) (2000).

The evidence was sufficient to support the conviction for gang activity under the codification of OCGA § 16-15-1 et seq. applicable at the time, which defined "Pattern of criminal gang activity" as

> the commission, attempted commission, or solicitation of two or more of the following offenses [including robbery and terroristic threats], provided at least one of those offenses occurred after July 1, 1992, the last of those offenses occurred within three years after a prior offense, and the offenses are committed on separate occasions *or* by two. or more persons. . . .

(Emphasis supplied.) Ga. L. 1992, p. 3238, § 1. The evidence here showed that two or more persons engaged in robbery and terroristic threats against the victim after July 1, 1992, and that they belonged to an identified criminal street gang. The evidence was sufficient to support the verdict. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Green v. State*, 266 Ga. 237 (466 SE2d 577) (1996), is not on point. The determinative issue in that case was that no competent evidence was introduced to show a pattern of criminal gang activity. Id. at 238-239 (2).

4. Fulcher contends the trial court erred by failing to excuse a juror who, one morning before trial, read a newspaper headline regarding the case. The jurors had been instructed not to read, listen to, or view any news report concerning the case.

"When irregular juror conduct is shown, there is a presumption of prejudice to the defendant, and the prosecution carries the burden of establishing beyond a reasonable doubt that no harm occurred." (Footnote omitted.) *Holcomb v. State*, 268 Ga. 100, 103 (2) (485 SE2d 192) (1997). To upset a jury verdict, the misconduct must have been "so prejudicial that the verdict is deemed inherently lacking in due process. Furthermore, where the substance of the communication is established without contradiction, the facts themselves may establish the lack of prejudice or harm to the defendant." (Punctuation and footnotes omitted.) Id. Finally, "[w]hen jurors have been exposed to inadmissible material, the trial court [has] discretion in passing on a motion for mistrial or in deciding whether to replace jurors with alternates." (Citations omitted.) *Guess v. State*, 264 Ga. 335, 338 (6) (443 SE2d 477) (1994).

Fulcher's attorney asked the court to question the juror about the incident and the possible influence that it might have on her, and the court did so, thoroughly asking all of the questions requested by Fulcher's attorney. The juror explained that she saw a headline that stated, "Skinheads threaten DA" and "Kevin Fulcher is 19," whereupon she stopped reading. A review of the questioning shows that the juror was very frank and that she believed she would not be influenced by what she had read. The court extensively cautioned her about the situation. Fulcher's attorney stated that he thought the juror was very honest and that he did not impugn her integrity, but he asked the court to excuse the juror out of an abundance of caution.

Given these facts, we cannot conclude that the trial court abused its discretion or that the juror's conduct was so prejudicial as to deny due process to Fulcher. See *Holcomb*, 268 Ga. at 103. Simply glancing at a relevant article in violation of the court's instructions is not enough. See id. The words that the juror read did not pertain to guilt or innocence. See *Lockridge v. State*, 260 Ga. 528, 529 (397 SE2d 695) (1990). There is no evidence that the juror attempted to sway other jurors with the information. See *Butler v. State*, 270 Ga. 441, 445 (2) (511 SE2d 180) (1999). And even Fulcher's attorney agreed that the juror sincerely believed that the headline would not affect her consideration of the case. See *Guess*, 264 Ga. at 338 (6).

Fulcher also contends that the court should have excused a convicted felon from the jury despite the fact that he claimed to have received a pardon. But the State struck this juror, and therefore we see no possible harm.

5. Fulcher complains that he was not given a pre-sentence hearing. But the record reflects that the court held a hearing at which Fulcher was given an unlimited opportunity to present information with respect to sentencing. We find no error. *Willey v. State*, 209 Ga. App. 398, 400 (4) (433 SE2d 674) (1993).

· 6. Fulcher offers neither argument nor citation of authority to support his claims that he was denied equal protection of or due process of law, that the court failed to declare a mistrial after evidence of his character was introduced, or that the trial court erred by denying his original motion for new trial. Therefore, these enumerations are deemed abandoned. Court of Appeals Rule 27 (c) (2).

*Judgment affirmed. Ruffin, P. J., and Barnes, J., concur and concur specially.*

RUFFIN, Presiding Judge, concurring and concurring specially.

I concur fully in all that is said in the majority's opinion. The vile circumstances of this case, however, lead me to write separately.

Appellate review is always dominated by a sense of compelling urgency. Nowhere is this more apparent than in the criminal context, where life and liberty are the highest stakes. Appellate judges must, with surgeon-like precision, ascertain whether error was committed during trial. Due process requires a fair trial, "regardless of the heinousness of the crime charged, the apparent guilt of the offender or the station in life which he occupies."[1]

· The crimes in this case constitute the ultimate villainy. Motivated by racial animus, Fulcher and others targeted the victim based solely on the color of his skin. Many of us retain a distant, but vivid, memory of what was, and what never again should ever be, prevalent behavior in this country. Nevertheless, both history and the law demand that we give this case no less or greater scrutiny, simply because the facts reflect racial animus. The majority opinion properly scrutinized and rejected each of the legal arguments raised by Fulcher. Accordingly, I fully concur.

I am authorized to state that Judge Barnes joins in this special concurrence.

DECIDED FEBRUARY 13, 2003.

*M. Francis Stubbs*, for appellant.

*Daniel J. Porter, District Attorney, Wesley C. Ross, Assistant District Attorney*, for appellee.

---

[1] *Irvin v. Dowd*, 366 U. S. 717, 722 (81 SC 1639, 6 LE2d 751) (1961).