S06A2045. HAMILTON v. THE STATE.
(640 SE2d 28)

HUNSTEIN, Presiding Justice.

Demone Hamilton was convicted of malice murder in the shooting death of Bennie Rucker. He appeals from the denial of his motion for new trial, contending that the evidence was insufficient to support

the verdict and that he was denied effective assistance of counsel. Finding no error, we affirm.[1]

1. The jury was authorized to find that Nicole Malcolm was driving Hamilton in his car when they spotted the victim walking down the street with Darlene Brownlee. Hamilton mistook the victim for a man who had earlier robbed him. Hamilton instructed Malcolm to stop the car, exited and attacked the victim from behind, beating him to the ground with a pistol. Hamilton ignored both the victim and Brownlee when they tried to correct his misidentification. Hamilton forced the victim into the car, ordered Malcolm to drive to a remote location, scuffled with the victim outside the car, and then shot him once fatally in the chest. Expert testimony established that fibers found on the victim's body matched the carpeting in Hamilton's car.

It was for the jury to determine the credibility of witnesses Malcolm and Brownlee, see *Chapman v. State*, 263 Ga. 393 (3) (435 SE2d 202) (1993), as well as the weight to be accorded the expert fiber testimony. See *McCoy v. State*, 237 Ga. 118, 119 (227 SE2d 18) (1976). The evidence adduced was sufficient to enable a rational trier of fact to find Hamilton guilty of the charged crimes beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends he was denied effective assistance of trial counsel. However, appellant specifically directed the clerk of the trial court in his amended notice of appeal to omit any transcript of the motion for new trial hearing.[2] Therefore, "because there is no transcript on appeal of the hearing on the motion for new trial, we must presume that the trial court was authorized to find that [appellant] failed to carry his burden to show that he received ineffective assistance of counsel." (Footnote omitted.) *Wade v. State*, 274 Ga. 791, 793 (6) (560 SE2d 14) (2002).

*Judgment affirmed. All the Justices concur, except Carley and Melton, JJ., who concur specially.*

---

[1] The crimes occurred May 31-June 1, 2001. Hamilton was indicted December 31, 2002 in Fulton County on charges of malice murder, two counts of felony murder (predicated on aggravated assault and possession of a firearm by a convicted felon), two counts of aggravated assault, kidnapping and possession of a firearm by a convicted felon. Hamilton was found guilty on all charges on December 5, 2003 and was sentenced four days later to two consecutive life sentences for malice murder and kidnapping, plus concurrent sentences of twenty years for aggravated assault and five years for the possession charge. His motion for new trial, filed December 15, 2003, was denied November 10, 2005. A notice of appeal was filed November 21, 2005. The appeal was docketed August 8, 2006 and was submitted for decision on the briefs.

[2] Although appellant did not specifically raise an ineffectiveness issue in the motion for new trial filed in the record, the trial court in its order denying the motion noted it had considered "the issues, the briefs and arguments presented by" counsel.

CARLEY, Justice, concurring specially.

I concur fully in Division 1 and in the affirmance of Hamilton's conviction and life sentence for malice murder. Although I agree that Hamilton is not entitled to reversal based on the claim of ineffective assistance of counsel, my reasoning differs from that relied upon by the majority. Therefore, I concur specially as to Division 2.

The alleged ineffectiveness was attributed to an unnamed public defender who initially represented Hamilton, but who was removed from the case prior to indictment. Thereafter, Hamilton was represented by new trial counsel and, after conviction and sentence, by new appellate counsel.

> It is axiomatic that a claim of ineffectiveness of [pre]trial counsel must be asserted at "the earliest practicable moment." [Cit.] In the present case, [Hamilton] through his new [appellate] counsel had the opportunity to raise a claim of ineffectiveness of [pre]trial counsel prior to this appeal in . . . the motion for new trial . . . .

*Bailey v. State*, 264 Ga. 300 (443 SE2d 836) (1994). However, a review of the record on appeal fails to show that the issue was raised by Hamilton's new appellate counsel, either in the motion for new trial or in any amendment thereto. The "failure to raise a claim of ineffectiveness before appeal under the circumstances of this case is a procedural bar to raising the claim at a later date." *Glover v. State*, 266 Ga. 183, 184 (2) (465 SE2d 659) (1996).

Therefore, I submit that the trial court correctly decided Hamilton's claim of ineffective assistance of counsel because the record does not show that he raised that issue at the earliest practicable moment and, thus, he has procedurally waived that claim.

I am authorized to state that Justice Melton joins in this special concurrence.

DECIDED JANUARY 8, 2007.

*Carl P. Greenberg*, for appellant.

*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Bettieanne C. Hart, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Laura D. Dyes, Assistant Attorney General*, for appellee.