S09A1757. HAMILTON v. THE STATE.

(690 SE2d 419)

BENHAM, Justice.

Appellant Demone Hamilton appeals the denial of his motion to vacate a void sentence. This Court affirmed appellant's conviction for malice murder, kidnapping with bodily injury, aggravated assault, and possession of a firearm by a convicted felon in *Hamilton v. State*, 281 Ga. 501 (640 SE2d 28) (2007). Although appellant already appealed his conviction, he is able to bring the denial of his motion on direct appeal because he asserts his sentence is void due to the trial court's failure to merge certain convictions. *Chester v. State*, 284 Ga. 162 (1) (664 SE2d 220) (2008), overruled on other grounds by *Harper*

*v. State*, 286 Ga. 216 (1) (686 SE2d 786) (2009) (a challenge to a void conviction cannot be brought by direct appeal, but a challenge to a void sentence is directly appealable). See also *Hutchins v. State*, 284 Ga. 395 (667 SE2d 589) (2008); *Hooks v. State*, 284 Ga. 531 (1) (668 SE2d 718) (2008). Specifically, appellant contends his kidnapping conviction should have merged into his malice murder conviction. He argues that the failure to merge these two convictions violates the prohibition against double jeopardy. We disagree.

At trial, the evidence was as follows:

> Nicole Malcolm was driving [appellant] in his car when they spotted the victim walking down the street with Darlene Brownlee. [Appellant] mistook the victim for a man who had earlier robbed him. [Appellant] instructed Malcolm to stop the car, exited and attacked the victim from behind, beating him to the ground with a pistol. [Appellant] ignored both the victim and Brownlee when they tried to correct his misidentification. [Appellant] forced the victim into the car, ordered Malcolm to drive to a remote location, scuffled with the victim outside the car, and then shot him once fatally in the chest.

*Hamilton v. State*, supra, 281 Ga. at 502. Under these circumstances, the kidnapping with bodily injury was completed once appellant pistol-whipped the victim, forced the victim into the vehicle, and transported the victim to another location. The murder occurred thereafter when appellant shot the victim. Since the State was not required to prove malice aforethought to establish kidnapping and was not required to prove an unlawful abduction to establish malice murder, the two crimes did not merge as a matter of law or fact. *Drinkard v. Walker*, 281 Ga. 211 (636 SE2d 530) (2006) (if a crime is not established by proof of the same or less than all the facts required to establish the other crime, then the crimes do not merge); *Washington v. State*, 276 Ga. 655 (2) (581 SE2d 518) (2003) (kidnapping with bodily injury and malice murder do not merge as a matter of law). Accordingly, the trial court did not err when it denied appellant's motion to vacate a void sentence.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 1, 2010.

Demone R. Hamilton, *pro se.*
Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart,

*Assistant District Attorney, Thurbert E. Baker, Attorney General*, for appellee.