## 61893. OVERBY v. THE STATE.

DECIDED OCTOBER 22, 1981 —
REHEARING DENIED DECEMBER 1, 1981 —

*M. Gene Gouge, Robert A. Whitlow,* for appellant.
*Stephen A. Williams, District Attorney, Marcus R. Morris, Assistant District Attorney,* for appellee.

DEEN, Presiding Judge.

1. An employee of the Sheriff's Department testified that he was informed by Cain that "he did it," motioning toward the defendant. The employee then testified that he promised not to put Cain back with Overby, called Overby out and asked him whether he knew what happened. Overby said Reeves, the dead man, was aggravating him and trying to pull his pants down, and that he, Overby, hit Reeves and Reeves hit the wall. A statement which amounts to an incriminating admission or confession and which is elicited by a custodial interrogation without any explanation of the defendant's constitutional rights is inadmissible in evidence. Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974). An interrogation which proceeds without proper warnings when the defendant is under arrest and in the custody of the law is an illegal custodial inquisition. Biddy v. State, 127 Ga. App. 212 (2) (193 SE2d 31) (1972). "A disciplinary hearing while incarcerated in a state correctional institution is a custodial hearing which requires an appropriate warning of the right against self-incrimination before any statements made are admissible against the speaker in a subsequent criminal proceeding for those same criminal acts." Grant v. State, 154 Ga. App. 758 (270 SE2d 42) (1980). It was recently held in Rhode Island v. Innis, 446 U. S. 291 (100 SC 1682, 64 LE2d 297) (1980):"Miranda safeguards come into play whenever a person in custody is subject to either express questioning or its functional equivalent. That is to say, the term 'interrogation' under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect. The latter portion of the definition focuses primarily on the perceptions of the suspect, rather than the intent of the police." This division of the opinion and the subsequent introduction of the "confession" into evidence as related by the defendant to the deputy sheriff require a reversal of this case.

2. In view of the first division of this opinion we will not pass on the remaining assignments of error, except to point out that the evidence indicated by the appellant in the amended motion for new trial presents a jury question as to whether Cain, the only witness other than the defendant who was present throughout this fracas, gave perjured testimony. Such testimony would be admissible for purposes of impeachment. It is obvious that of the five people in this cell one died, two others never woke up, and either the defendant or Cain had to have been guilty of the homicide. Under such circumstances serious questions arise as to whether the due process

rights of this defendant were violated.

*Judgment reversed. Banke, J., concurs. Carley, J., concurs in the judgment only.*