69126. THE STATE v. ROGERS.
(327 SE2d 782)

SOGNIER, Judge.

The State appeals the trial court's grant of Rogers' pretrial motion to suppress certain tape recordings.

Jerry Sanders and appellee Rogers were prime suspects in the al-

leged murder of Harold Justus on March 4, 1983. They were confined in separate facilities shortly after Justus' death. Although Rogers was confined on a probation revocation for unrelated offenses, he continued to be a suspect in the alleged murder and investigators continued to question him about that offense.

In July 1983 Sanders alone was indicted for Justus' murder. He negotiated a plea to voluntary manslaughter and agreed to be a State witness against Rogers. Subsequently Sanders agreed to engage Rogers in conversation and secretly tape the conversations by wearing a "body bug." Sanders was moved to the same confinement facility as Rogers and police investigators prepared questions for Sanders to ask Rogers. Thereafter Sanders engaged Rogers in conversation on three different occasions, asking him the questions prepared by law enforcement officers. The conversations were recorded secretly as agreed, and it is the tapes of those conversations that were suppressed by the trial court. Rogers was then indicted for the alleged murder of Justus.

The trial court found that at the time of the conversations with Rogers, Sanders was acting as an agent of the State, and concluded as a matter of law that Rogers' Fifth and Sixth Amendment rights were violated in regard to the conversations taped secretly. The State contends that because Rogers was not in custody on the murder charge and had not been indicted on that charge at the time of the conversations, no *Miranda* warnings were required (*Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694)) and Rogers was not entitled to counsel. We do not agree.

In *Miranda* the Supreme Court of the United States held that whenever a person in custody is *suspected or* accused of a crime, he must be warned of his rights against self-incrimination and his right to have counsel present prior to being interrogated by law enforcement officers. Id. at 467 and 469. *Miranda* does not require that the person questioned be in custody for the offense of which he is suspected, or that a warning is required only after the person has been indicted. An interrogation which proceeds without warnings when the defendant is in custody of the law is an illegal custodial interrogation. *Overby v. State*, 160 Ga. App. 537, 538 (1) (287 SE2d 568) (1981); *Miranda*, supra. Since Sanders was an agent of the investigators with the knowledge and consent of the prosecuting attorney, Rogers could not be questioned without first being advised of his rights, including the right to counsel. See *United States v. Henry*, 447 U. S. 264 (100 SC 2183, 65 LE2d 115), where a confession obtained by use of a "bug" hidden on an informer was held to be inadmissible because taken in violation of the defendant's Sixth Amendment right to counsel; *Massiah v. United States*, 377 U. S. 201 (84 SC 1199, 12 LE2d 246). In *Henry*, supra, the Supreme Court pointed out that Henry's incarceration at the time he was engaged in conversation by an agent of the

police was a factor for imposition of the requirements in *Miranda*, supra. Hence, the trial court did not err by granting Rogers' motion to suppress the tapes.

*Judgment affirmed. Deen, P. J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED MARCH 5, 1985.

*Bruce L. Udolf, District Attorney, Charles H. Frier, Assistant District Attorney*, for appellant.
*H. Bradford Morris, Jr.*, for appellee.