## 74867. CHALKER v. THE STATE.
## 74868. LOWE v. THE STATE.
### (362 SE2d 152)

SOGNIER, Judge.

Appellants were tried jointly and convicted of burglary. They appeal, both enumerating the same errors.

1. In their first two enumerations of error, appellants assert that two State witnesses, Debbie Beckworth and Sheriff James English, perjured themselves, and thus, appellants' convictions must be reversed. Appellants argue that Beckworth's testimony at trial on November 17, 1986, differed from her testimony at a probation revocation hearing on December 3, 1985, thereby showing that she perjured herself. As to the testimony of English, appellants merely assert that they do not believe the sheriff because he has a grudge against them. Neither of these issues were raised at trial, and this court will not consider questions raised for the first time on appeal. *Tolbert v. State*, 180 Ga. App. 703, 704 (3) (350 SE2d 51) (1986). Further, credibility of witnesses is a question for determination by the jury, not this court, which deals with the sufficiency of the evidence, not its weight. *Miller v. State*, 163 Ga. App. 889, 890 (1) (296 SE2d 182) (1982).

2. Appellants allege error in allowing David Rush, a GBI agent, to testify about evidence that was obtained illegally. Rush obtained permission from Beckworth, appellant Lowe's former girl friend, to place a body bug on her while she talked to Lowe, who was confined in the Jefferson County jail. Although Rush was outside in a car, he could not hear the conversation; rather, it was recorded. Rush was allowed to testify, over objection, as to what was said during the conversation, based on hearing the tape recording. Appellants objected to this testimony on the ground that no proper foundation was laid for Rush's testimony, and appellant Lowe had not been advised of his *Miranda* rights (*Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694)) before his conversation with Beckworth was recorded. Pretermitting the question of whether a proper foundation was laid for admissibility of Rush's testimony, the testimony was inadmissible because Lowe was not advised of his *Miranda* rights or his right to counsel. Although the State refers to Beckworth as an informant, she was in fact an agent of the State when she secretly taped her conversation with Lowe while he was in custody. We have held that such action amounts to an illegal interrogation when such interrogation proceeds without warnings when the defendant is in custody of the law, as Lowe was here. *Overby v. State*, 160 Ga. App. 537, 538 (1) (287 SE2d 568) (1981); *State v. Rogers*, 173 Ga. App. 653, 654 (327 SE2d 782) (1985). However, we do not find the erroneous admission of Rush's testimony reversible error under the facts of this case. In the taped conversation Lowe told Beckworth that he and appellant

Chalker had entered the victim's home, and that appellants had converted pennies to cash through Douglas Randall. Testimony to this same effect had been given earlier by Beckworth and David Wynn without objection. Proof of the same facts by legally admissible evidence renders harmless the admission of inadmissible evidence. *Robinson v. State*, 229 Ga. 14, 16 (1) (189 SE2d 53) (1972); *Crawford v. State*, 178 Ga. App. 739-740 (1) (344 SE2d 533) (1986).

The only other possible damaging statement made by appellant Lowe during the recorded conversation was his statement to Beckworth that she should lie if she was questioned by Rush or the sheriff. Under the circumstances here, we do not find that statement of sufficient harm as to require reversal. There is no indication that Beckworth was questioned by the sheriff or Rush after her conversation with Lowe, and Beckworth had already testified that Lowe admitted to her that he and Chalker had burglarized the victim's home and taken pennies therefrom. Under the test laid down in *Moore v. State*, 254 Ga. 674, 677 (333 SE2d 605) (1985), we do not find that Lowe's statement to Beckworth influenced the jury verdict, nor do we find that testimony as to the conversation otherwise influenced the jury's verdict. Hence, we find the error harmless.

3. Appellants contend there was, or could be, a conflict of interest between appellants and their attorney because he had done legal work for the victim previously. Although the question of a possible conflict of interest by representing both defendants was raised at trial (and waived on the record by them), no question of a conflict of interest for the reason now enumerated as error was raised, even after appellant's counsel placed this fact on the record. As stated in Division 1, this court will not consider questions raised for the first time on appeal. *Tolbert*, supra.

4. Appellants allege error in the fact that they did not testify at trial. There is nothing in the record to indicate that appellants desired to testify and were prevented from doing so by the court or by their counsel. Enumerations of error pertaining to matters not appearing of record cannot be considered. *Rasberry v. State*, 139 Ga. App. 189 (228 SE2d 186) (1976).

5. Lastly, appellants contend that Beckworth's testimony was influenced by the fact that she had something to gain by testifying for the State. Appellants argue that her "gain" would be keeping her children, not being charged as an accessory after the fact, and getting revenge against her former "lover," appellant Lowe. Beckworth was questioned about all of these matters on cross-examination by appellants. She stated that the sheriff informed her she could possibly be charged as an accessory after the fact, and if she went to jail she would lose her children. Beckworth denied holding a grudge against Lowe. These are all matters affecting the weight of Beckworth's testi-

mony and her credibility as a witness, which are questions for determination by the jury. *Miller, supra.* This court deals with the sufficiency of the evidence, not its weight, id., and we find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgments affirmed. McMurray, P. J., concurs. Beasley, J., concurs in Divisions 1, 3, 4, and 5, and in the judgment.*

DECIDED OCTOBER 20, 1987.

*Robert H. Cofer II,* for appellants.
*Dennis C. Sanders, District Attorney, Harold W. Wallace III, Assistant District Attorney,* for appellee.