S94A0386. GUESS v. THE STATE.
(443 SE2d 477)

BENHAM, Presiding Justice.

This appeal is from appellant's conviction of murder, armed robbery, and possession of a firearm during commission of a crime.[1] The State presented evidence at trial that appellant formed a friendship with the victim and his wife, engaged in an adulterous affair with the victim's wife, accompanied the victim to a secluded place in the mountains of North Georgia, shot the victim to death, and disposed of the victim's truck and other belongings.

1. Although appellant did not raise the issue of the sufficiency of the evidence on this appeal, we have reviewed the record and conclude that the evidence adduced at trial was sufficient to authorize the jury to find appellant guilty beyond a reasonable doubt of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Prior to appellant's arrest for the murder, he made self-incriminating statements during a conversation with the victim's widow, who was wearing recording equipment at the behest of law enforce-

---

[1] The offenses were committed on May 4, 1990. Appellant was indicted on September 10, 1990, for murder, armed robbery, and possession of a firearm during the commission of a crime. He was tried on September 23-30, 1991, resulting in a verdict finding appellant guilty of all three charges. Those convictions were reversed at 262 Ga. 487 (422 SE2d 178) (1992), and a new trial was held on January 25-30, 1993, again resulting in conviction on all counts. Appellant's motion for new trial, filed on February 16, 1993, was denied on March 18, 1993. His notice of appeal was filed April 14, 1993; the case was docketed in this court on December 14, 1993; and the appeal was submitted for decision on January 28, 1994.

ment officers. The trial court permitted the jury to listen to the tape and permitted the State to provide the jury with transcripts of the tape.

Appellant argues on appeal that playing the tape was error for two reasons: the sound quality was so poor that the tape was misleading; and he was not warned of his Fifth Amendment rights prior to the conversation. The fact that part of the tape was inaudible did not make it inadmissible. Where a proper foundation is laid for the admission of a taped conversation,[2] and part of the conversation is inaudible, the admission of the evidence is in the trial court's discretion. *Burke v. State*, 248 Ga. 124 (2) (281 SE2d 607) (1981). Beyond the mere unsupported assertion that the inaudibility of parts of the tape made it misleading, appellant has not made a showing that the trial court abused its discretion, and we find no such abuse in our review of the record.

As to the Fifth Amendment issue regarding the tape, appellant's reliance on *State v. Rogers*, 173 Ga. App. 653 (327 SE2d 782) (1985), is misplaced. The holding there that a taped conversation was inadmissible was based on the fact that Rogers was in custody at the time. Since appellant was at liberty when the tape at issue here was made, the requirement that appellant be informed of his rights against self-incrimination was not triggered. See *Shy v. State*, 234 Ga. 816 (I) (218 SE2d 599) (1975). We find no merit, therefore, in appellant's argument that the taped conversation was inadmissible.

Nor do we find merit in his argument that the trial court erred in permitting the jury to have transcripts of the recorded conversation. The circumstances under which the tape was made and the identity of the speakers were undisputed. The trial court carefully instructed the jury that the taped conversation itself was evidence, that the transcript was not evidence, and that the jury was to judge for itself what was said on the tape. With such a foundation being laid and such safeguards utilized, there was no error in permitting use of the transcripts. *Gaston v. State*, 180 Ga. App. 470 (2) (349 SE2d 526) (1986).

3. During its cross-examination of appellant, the State proffered a photograph which appellant identified as depicting him, dressed in camouflage and armed with a weapon, in a particular valley. When appellant challenged the admission of the photograph on the ground of relevancy, the prosecuting attorney stated that it was offered to show that appellant dressed in camouflage and carried weapons in the mountains, the very circumstances under which appellant, according to the State's theory of the case, killed the victim. Applying the lib-

---

[2] Appellant made no assertion to the contrary at trial and makes none on appeal.

eral standard of relevancy stated in *Williams v. State*, 153 Ga. App. 890 (1) (267 SE2d 305) (1980), to the photograph at issue and to the State's theory of the prosecution, the admission of the photograph was not error.

4. During the State's direct examination of the victim's widow, she stated that a particular law enforcement officer had shown her appellant's "police record." The trial court denied appellant's motion for mistrial, but admonished the witness, struck the remark from the record, and instructed the jury to disregard it. The denial of appellant's motion for mistrial is enumerated as error.

The widow's statement in this case, though inappropriate, was not such as to appear purposeful. All the jury learned from the statement was that appellant had some kind of police record. There was nothing in the statement, however, to show that he had ever been convicted of a crime. The evidence of appellant's guilt, though largely circumstantial, was strong, and the widow's reference to appellant's police record could do little to bolster it. Furthermore, in light of the evidence that appellant used drugs frequently during the periods before and after the crime and that appellant conducted an adulterous affair with the victim's wife, the remark could have little impact on the jury's estimate of his character. The trial court's direction to the witness to avoid the topic and the curative instructions to the jury were direct and clear. Considering those factors and circumstances, we find no abuse of discretion in the trial court's denial of appellant's motion for mistrial. *Sabel v. State*, 250 Ga. 640 (5) (300 SE2d 663) (1983).

5. Relying on *Walker v. State*, 260 Ga. 737 (1) (399 SE2d 199) (1991), and *Henderson v. State*, 255 Ga. 687 (1) (341 SE2d 439) (1986), for the proposition that it is error to exclude evidence that another person committed the crime, appellant contends that the trial court in this case erred in excluding evidence that a named person engaged in a homosexual act with the victim, that the victim was angry at other named persons who owed him money for drugs, and that he was angry at his employer. In both the cited cases, however, there was direct evidence of the other person's involvement in the crime: in *Walker*, a confession by the other person, later recanted; and in *Henderson*, the defendant's testimony that the other person committed the crime. In the present case, there was no evidence of any ill will toward the victim by any of the persons appellant wished to accuse at trial. The suggestion that another person may have committed the crime was no more than supposition, based on motives which were either gleaned from hearsay (the drug debts and the anger at the victim's employer) or inferred from acts which did not demand such an inference (the homosexual act which the victim's widow testified she witnessed).

The reason for the reversal in *Henderson* and in *Walker* was the exclusion of "evidence of the other person's motive [which] rendered the 'inference that he committed the crimes . . . more probable than would have been that inference without the evidence[,]' [cit.]" (id. at 738), and which evidence bore directly on the sole defense in the case. Even accepting that appellant's theory that one of several other persons may have committed the crime was his sole defense, the evidence he offered was not such as to render more probable the inference that one of them committed the murder. We find no error in the trial court's exclusion of the evidence.

6. The defense brought to the court's attention that a local newspaper published an article about the case during the trial which included the information that appellant had been convicted at his first trial. The trial court questioned the jury and ascertained that two jurors had read the article. Questioned outside the presence of the other jurors, the two said they were not swayed by anything in the article, that they understood that the evidence could be different at a retrial, and that they could decide the case on the evidence presented at this trial. Nonetheless, appellant moved for a mistrial and, just before the case was submitted to the jury, asked that the two jurors who read the story be excused and replaced by alternate jurors. The trial court's refusal of the requested relief is enumerated as error.

When jurors have been exposed to inadmissible material, the trial court must exercise discretion in passing on a motion for mistrial (*Edwards v. State*, 200 Ga. App. 580 (1) (408 SE2d 802) (1991)) or in deciding whether to replace jurors with alternates. *Green v. State*, 246 Ga. 598 (16) (272 SE2d 475) (1980). Given the questioning of the two jurors by the trial court, the response of the jurors, and the instructions subsequently given to the jury, we find no abuse of discretion in denying the motion for mistrial and in refusing to substitute the alternate jurors.

7. Appellant's enumeration of error concerning the trial court's repetition of a jury instruction requested by the state is patently without merit in that the record plainly shows that the trial court made a mistake during the giving of that instruction, recognized the mistake, and expressly set out to correct the mistake by giving the charge in its correct form. See *Wilcher v. State*, 230 Ga. 294 (1) (196 SE2d 864) (1973).

8. In his final enumeration of error, appellant complains of an example the trial court used to illustrate the concept of circumstantial evidence. In essence, the trial court's example was that if a parent baked a cherry pie and left it to cool, then returned later to find a piece of pie missing and a child in the corner with a red ring around the child's mouth, the parent might infer that the child had eaten the piece of pie.

We find no reversible error. Appellant has demonstrated no impropriety in the example given by the trial court or in the instructions following it, and we discern nothing in the illustration which might serve to mislead or confuse the jury.

*Nobles v. State*, 201 Ga. App. 483 (1) (411 SE2d 294) (1991).
*Judgment affirmed. All the Justices concur.*

DECIDED MAY. 31, 1994 —
RECONSIDERATION DENIED JULY 7, 1994.

*Richard Thurman,* for appellant.
*Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Rachelle L. Strausner, Assistant Attorney General,* for appellant.