S97A0075. LEWANDOWSKI v. THE STATE.

(483 SE2d 582)

HINES, Justice.

Michael J. Lewandowski appeals his convictions for the aggravated assaults of his young son and daughter, the malice murder by stabbing of the children's mother, Kathleen Reppen, and possession of a knife during the commission of a felony.[1] We affirm.

The evidence, viewed in favor of the verdicts, revealed that Lewandowski lived with Kathleen Reppen and their two small children, and that the couple was experiencing financial problems and difficulties in their relationship. There were episodes of domestic violence in which the police were called to the home. On January 14, 1995, Reppen summoned police and charged that Lewandowski had pushed and choked her. The officer on the scene observed that Reppen had red marks on her neck and arrested Lewandowski. After his release from incarceration, Lewandowski returned to the home. Lewandowski suspected that Reppen was involved with others, and on February 7, 1995, related his suspicions to a co-worker, stating that Reppen "[knew] not to do that." The co-worker also heard Lewandowski mutter, "I'll hurt her" or "kill her."

The next evening, February 8, 1995, a neighbor's son heard Rep-

---

[1] The crimes were committed on February 8, 1995. On April 12, 1995, Lewandowski was indicted for the malice murder of Kathleen Reppen by stabbing her with a knife, the felony murder of Reppen while in the commission of her aggravated assault, the aggravated assaults of his son and daughter by cutting them with a knife, and possession of a knife during the commission of a felony. He was tried before a jury on February 26, 1996 through March 6, 1996 and found guilty of all charges. On March 6, 1996, Lewandowski was sentenced to life imprisonment for the malice murder, 20 years of incarceration for each count of aggravated assault against the children, the sentences to be served consecutively to each other and to the life sentence, and five years of incarceration to be served consecutively to the first aggravated assault for the possession of knife charge. The felony murder stood vacated by operation of law under OCGA § 16-1-7. The notice of appeal was filed March 25, 1996, and the appeal was docketed in this Court on October 1, 1996. The case was submitted for decision following oral argument on January 14, 1997.

pen's cries for help from the upstairs window of the couple's residence. Reppen pleaded that the police be called because Lewandowski was armed with knives and was holding her and the children hostage. The police arrived to hear terrified screaming. After an officer beat on the door several times, Lewandowski repeatedly yelled, "If you don't go away, I'll kill them all." The police forced open the door and found Lewandowski standing at the top of the stairs. He stated, "The bitch got what she deserved." The police removed several knives from Lewandowski and found Reppen and the two children injured and bleeding from multiple stab wounds. Reppen died a short time later after having endured 19 knife wounds, three of which were fatal. A search of the residence disclosed the telephone concealed inside the clothes dryer and the remaining kitchen knives hidden behind a chair.

Lewandowski was evaluated by psychologist Shaffer and initially indicated the intent to seek a defense of mental illness or insanity; however, he later withdrew any such defense. Lewandowski defended on the basis of provocation and testified at trial that he did not recall stabbing Reppen or his children.

1. The evidence was sufficient to enable a rational trier of fact to find beyond a reasonable doubt that Lewandowski did not act with provocation in stabbing Reppen or the children and that he was guilty of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court did not err in refusing to admit the psychological evaluation testimony of Dr. Shaffer. Lewandowski maintains that evidence of Reppen's adulterous conduct and its effect on him were critical to his claim of voluntary manslaughter, and that in order for the jury to properly understand the psychological and emotional impact Reppen's conduct had on him, the jury had to hear Shaffer's evaluation of Lewandowski's mental state at the time of the crimes. But Lewandowski rejected defenses of insanity or mental illness at the time of the stabbings; therefore, the evidence was irrelevant to the state of mind necessary to determine guilt. *Selman v. State*, 267 Ga. 198, 200 (3) (475 SE2d 892) (1996). Moreover, when the evidence raises the offense of voluntary manslaughter, the question is whether the defendant acted out of passion resulting from provocation sufficient to excite such passion in a *reasonable person*. It is of no moment whether the provocation was sufficient to excite the deadly passion in the particular defendant. OCGA § 16-5-2 (a); *Nelson v. State*, 254 Ga. 611, 614 (2) (331 SE2d 554) (1985).

3. Nor did the trial court err in refusing to give Lewandowski's

request to charge No. 2 regarding provocation.[2] The court fully charged on the law of provocation and voluntary manslaughter, and what Lewandowski characterizes as his adjustment of the law to the facts was tantamount to an endorsement of his version of events and his theory regarding provocation and voluntary manslaughter. A trial court is not permitted in its charge to give expressions of opinion concerning the evidence. OCGA § 17-8-57; see *Sims v. State*, 266 Ga. 417, 418 (2) (467 SE2d 574) (1996).

*Judgments affirmed. All the Justices concur.*

DECIDED APRIL 14, 1997.

*Jeffrey R. Sliz, Sherriann H. Hicks,* for appellant.

*Peter J. Skandalakis, District Attorney, Ben L. Leutwyler III, Assistant District Attorney, Michael J. Bowers, Attorney General, Beth Attaway, Assistant Attorney General,* for appellee.

---

[2] Defendant's request to charge No. 2 provided in relevant part:
I charge you that provocation by words alone will, in no case, justify such excitement of passion sufficient to free the accused from the crime of murder or to reduce the offense to manslaughter when the killing is done solely in resentment of such provoking words. Words accompanied by other acts of the victim such as her adultery and the accompanying confrontation with the police would be sufficient to justify your consideration of the lesser offense of voluntary manslaughter.