## S05A0267. NIXON v. THE STATE.
### (611 SE2d 9)

HUNSTEIN, Justice.

Marshall Leon Nixon was convicted of malice murder in the shooting death of Richard Griffin. He appeals from the denial of his motion for new trial[1] asserting that he received ineffective assistance of trial counsel. Finding no error, we affirm.

1. All the eyewitnesses to the crime testified that in response to a heated argument between Nixon and Dasher, the victim approached Nixon with his hands up in the air and palms open outward while urging Nixon to cool down. When the victim continued to approach after Nixon told him to stop, Nixon shot him once in the stomach. After the victim fell over onto the fender of a truck, Nixon shot him again in the left eye. Both shots inflicted fatal wounds. Nixon then fled the scene in his own vehicle and went to his mother's home, where he claimed that the victim intended to attack him and was reaching for his back pocket where he was known to keep a knife. No witness observed the victim with a weapon.

The evidence was sufficient to authorize a rational trier of fact to find Nixon guilty beyond a reasonable doubt of malice murder. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Nixon raises three claims relating to ineffective assistance of counsel. The burden was on Nixon to show that trial counsel's performance fell below a reasonable standard of conduct and that a reasonable probability exists that the outcome of the case would have been different but for the deficient performance of counsel. *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Francis,* 253 Ga. 782 (325 SE2d 362) (1985). Because Nixon failed to make the requisite showings, the trial court did not clearly err by finding that Nixon received reasonably effective assistance of counsel.

---

[1] The crimes occurred on April 21, 2000. Nixon was indicted July 26, 2000 in Wayne County on charges of murder and possession of a firearm by a convicted felon. On June 19, 2001 Nixon pled guilty to the possession charge and was sentenced to five years in prison; on that same day he was found guilty of murder by a jury and sentenced to life imprisonment. His motion for new trial, filed July 1, 2001 and amended July 3, 2003, was denied April 14, 2004. A notice of appeal was filed April 26, 2004. The appeal was docketed October 8, 2004 and was orally argued February 14, 2005.

(a) Nixon contends that trial counsel's performance was deficient based on counsel's advice that Nixon should not testify in his own defense because counsel misunderstood the law regarding the admissibility of Nixon's prior criminal convictions. Looking to counsel's· testimony as a whole, however, the trial court found that counsel's advice was given after counsel balanced the damage to Nixon's justification defense with the risk that Nixon's criminal record would be introduced if he took the stand and that this risk was supported by Nixon's testimony at the hearing on the motion for new trial. The trial court's findings in this regard are not clearly erroneous and thus will be upheld. See generally *Washington v. State*, 276 Ga. 655 (3) (581 SE2d 518) (2003). Furthermore, Nixon failed to show there is a reasonable probability that the result of the proceeding would have been different had counsel not prevented him from testifying. See *Turpin v. Curtis*, 278 Ga. 698, 700 (1) (606 SE2d 244) (2004).

(b) Nixon contends counsel was ineffective for failing to introduce testimony by Nixon's wife about a vague threat the victim had conveyed to her against Nixon in the event Nixon continued to make insulting comments about Ms. Nixon. Although this threat was never communicated to Nixon, he contends the testimony could have been admitted to demonstrate the victim's state of mind. See *Dixon v. State*, 256 Ga. 658 (2) (352 SE2d 572) (1987). However, counsel's testimony reflected that his decision not to call Ms. Nixon was not based upon any misapprehension as to the admissibility of the wife's testimony but was instead based upon the fact that the uncommunicated threat provided no pertinent insight into Nixon's state of mind in shooting the victim, which arose out of a conflict entirely unrelated to Ms. Nixon. Nixon has thus failed to establish that the challenged action was not sound trial strategy that a reasonable lawyer under similar circumstances would have pursued. See generally *Franks v. State*, 278 Ga. 246, 257 (2) (599 SE2d 134) (2004).

(c) Nixon contends his counsel was ineffective for failing to introduce evidence at trial about the victim's propensity for violence. Contrary to Nixon's contention, the trial transcript establishes that counsel elicited evidence on cross-examination that the victim had a knife in his possession. Although Nixon contends that the victim had his hand in his pocket as he approached Nixon and that the victim had behaved violently towards others on previous occasions, Nixon presented no evidence other than his own testimony to support his claim. Accordingly, Nixon failed to carry his burden of proving both that counsel's performance was deficient and that the deficiency prejudiced his defense. *Allen v. State*, 277 Ga. 502 (3) (e) (591 SE2d 784) (2004).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 28, 2005.

*Zell & Zell, Rodney S. Zell,* for appellant.

*Stephen D. Kelley, District Attorney, John B. Johnson III, Assistant District Attorney, Thurbert E. Baker, Attorney General, Raina J. Nadler, Assistant Attorney General,* for appellee.