SEARS, Chief Justice.
The appellant, Joseph Washington, appeals from his conviction for the malice murder of Jarvis Maxwell.[1] On appeal, Washington contends that the trial court erred by ruling against his claim that he received ineffective assistance of trial counsel and by denying a motion for mistrial that he made after a juror brought a newspaper article about the case to court on the morning of the second day of trial. For the reasons that follow, we conclude that these contentions are without merit, and thus affirm Washington’s convictions.
1. At trial, Craig Fields testified that the victim had been a friend of his since they were children, and that he also knew Washington. Fields added that on the evening of May 25, 2002, he and Maxwell were sitting on the front porch of an apartment and talking and that Fields’s cousin was standing nearby. Fields testified that his cousin called him to come to where he was standing, and that Fields got up and took a few steps toward his cousin. Fields then heard a number of gunshots, and saw Washington standing about 12 feet away shooting at Maxwell. Fields added that he and Washington looked right at each other and that Washington then got into a car and drove off. Maxwell died from nine bullet wounds to various parts of his body.
Washington’s girlfriend testified that Washington gave her a gun shortly before he was arrested for the shooting. Forensic evidence *723 established that Washington’s fingerprints were on the gun and that the bullets and shell casings recovered from the crime scene and the victim’s body were fired from Washington’s gun. Moreover, when Washington was arrested, he was wearing the type of red and black athletic shoes that Fields testified Washington was wearing on the night of the shooting, and Washington’s girlfriend testified that Washington sometimes drove a small red car similar to the one that Fields testified that Washington drove on the night of the crimes.
Viewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Washington guilty beyond a reasonable doubt of the crimes for which he was convicted.[2]
2. At the end of the first day of Washington’s trial, the court instructed the jury not to discuss the case with anyone, but failed to tell them not to read or listen to any media accounts of the trial. The next morning, a juror brought a newspaper into the jury room that contained an article recounting the events of the first day of the trial. Each juror read or scanned part or all of the article. Upon learning of this, the court asked each juror about his or her ability to be fair and impartial in spite of having seen the article. Each juror affirmed that he or she had not formed any opinion regarding the case and would judge the case fairly and impartially. The jurors also stated that they did not discuss the evidence in the case among themselves', and the article showed that it contained merely a short summary of the first day’s proceedings in the case. Washington’s trial counsel moved for a mistrial, but the motion was denied.
On appeal, Washington contends that the trial court erred in denying his motion for a mistrial. However, when jurors have been exposed to material such as the newspaper article in question, the decision whether to grant a mistrial is within the trial court’s discretion.[3] In the present case, because the jurors stated that the article did not affect their ability to fairly and impartially decide the case, because the jurors did not discuss the evidence in the case, and because the article merely contained a summary of the first day of trial and not any prejudicial information to which the jurors had not been exposed during the first day of trial,[4] we conclude that the trial court did not abuse its discretion in denying Washington’s motion for a mistrial.[5]
*724 3. Washington contends that his trial counsel was ineffective because he failed to object to a part of the prosecutor’s closing argument that Washington contends constituted an improper comment on his failure to testify. For the reasons that follow, we disagree with this contention.
When a defendant contends that he received ineffective assistance of trial counsel, the defendant has the burden to show that trial counsel provided deficient representation and that, but for that deficient representation, it is reasonably probable that the outcome of the proceedings would have been different.[6] In the present case, we conclude that Washington’s trial counsel did not perform deficiently by failing to object to the prosecutor’s closing argument, as we conclude that the part of the closing argument in question did not improperly comment on Washington’s failure to testify.
Washington’s trial counsel cross-examined Fields about the exact time of the shooting, and attacked Fields’s credibility on the ground that Fields may have inaccurately remembered the time of the shooting. In closing argument, the prosecutor stated that “we don’t have to prove that this crime happened at a specific time, unless he’s claiming an alibi, which he is not. We don’t have to prove that.” Trial counsel did not object to this statement. Washington now contends that it constituted an improper comment on his failure to testify, and that trial counsel should have objected to it.
In determining whether a prosecutor has improperly commented on an accused’s failure to testify, we must evaluate whether “the prosecutor’s manifest intention was to comment on the accused’s failure to testify” or whether “the remark was of such a character that a jury would naturally and necessarily take it to be a comment on the accused’s failure to testify.”[7] Having evaluated the record, we conclude that the prosecutor’s comment does not satisfy either prong of this test. Instead, we conclude that the prosecutor’s intent was to explain to the jury that the State did not have to prove an exact time that the crime occurred, and that the comment was not of such a character that the jury would “naturally and necessarily” have taken it as a comment on Washington’s failure to testify.
As the prosecutor’s statement did not improperly comment on Washington’s failure to testify, Washington’s trial counsel did not provide deficient performance in failing to object to the statement.
*725 Decided October 11, 2005.
William A. Dowell, for appellant.
Spencer Lawton, Jr., District Attorney, Christine S. Barker, Assistant District Attorney, Thurbert E. Baker, Attorney General, Robin J. Leigh, Assistant Attorney General, for appellee.
4. After Fields was cross-examined by defense counsel, the prosecutor stated that she planned to introduce a videotaped statement made by Fields to the police. Initially, the prosecutor stated that she did not intend to play a portion of the videotape that contained prejudicial comments about Washington being a predator. Washington’s trial counsel, however, stated that he wanted the entire tape played because the portion that the prosecutor did not want to play showed that the investigating officer, who testified at trial, paid Fields some money and because it showed that the investigating officer, who was congenial and soft spoken when he testified, displayed a bellicose and hostile attitude toward Washington. On appeal, Washington contends that trial counsel provided ineffective assistance by insisting that the entire videotape be played for the jury.
We conclude, however, that, even assuming that trial counsel’s decision to insist that the tape be played in its entirety was an unreasonable tactical decision, Washington has failed to carry his burden to prove the prejudice prong of his ineffectiveness claim.[8] In this regard, given the strength of the evidence against Washington, including the testimony of Fields and the evidence that the gun Washington had given to his girlfriend proved to be the murder weapon, we conclude that it is not reasonably probable that, if the part of the videotape in question had not been played for the jury, the outcome of the trial would have been different.

Judgment affirmed.

All the Justices concur.

 The crimes occurred on May 22, 2002, and Washington was indicted on August 21, 2002. On June 12, 2003, a jury found Washington guilty of malice murder, two counts of felony murder, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. The felony murder convictions were vacated as a matter of law. The trial court sentenced Washington to life in prison without the possibility of parole on the murder conviction and to five years in prison for both possession offenses. Washington obtained new counsel for appeal, and on June 19, 2003, Washington filed a motion for new trial. The court reporter completed certification of the trial transcript on July 24, 2003. On April 6, 2004, Washington filed an amended motion for new trial, and on October 7, 2004, the trial court denied the motion for new trial, as amended. On November 4, 2004, Washington filed a notice of appeal, and on January 6, 2005, the appeal was docketed in this court. The appeal was submitted for decision on briefs on February 28, 2005.

 Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

 Guess v. State, 264 Ga. 335, 338 (443 SE2d 477) (1994).

 Compare Timberlake v. State, 246 Ga. 488, 495-496 (271 SE2d 792) (1980) (newspaper article found in jury room discussed prejudicial evidence that the trial court had excluded from evidence on the defendant’s motion).

 Guess, 264 Ga. at 338..

 Nixon v. State, 279 Ga. 164, 164-165 (611 SE2d 9) (2005).

 Smith v. State, 279 Ga. 48, 49-50 (610 SE2d 26) (2005), quoting LeMay v. State, 265 Ga. 73, 75 (453 SE2d 737) (1995). Accord 5 LaFave, Israel & King, Criminal Procedure, § 24.5 (b), p. 533 (2d ed. 1999).

 See Strickland v. Washington, 466 U. S. 668, 697 (104 SC 2052, 80 LE2d 674) (1984) (in deciding an ineffective assistance claim, a court does not have to address deficient performance before determining whether the defendant has carried his burden to prove prejudice).