S07A0509. JONES v. THE STATE.

(644 SE2d 853)

HUNSTEIN, Presiding Justice.

Charles Alvin Jones was convicted of malice murder, felony murder and possession of a knife during the commission of a felony in the stabbing death of his wife, Lanetta Marie Jones. He appeals from the denial of his motion for new trial challenging the sufficiency of the

evidence, the propriety of his sentence on malice murder and the effectiveness of trial counsel.[1] Finding no error, we affirm.

1. The jury was authorized to find that appellant had known for several months that the victim was having an affair with another man. The victim spent the night with her lover and returned around 11:30 a.m. on the day of the crimes to the apartment she shared with appellant, their young daughter and the victim's son by an earlier relationship. Appellant and the victim argued and appellant choked the victim until she lost consciousness; he then wrapped her in a blanket and placed her in a closet. After she revived, another struggle ensued that ended when appellant fatally cut her throat with a knife. Among the victim's injuries were three superficial neck wounds that, according to expert medical testimony, indicated appellant had hesitated before he "work[ed] up the courage" to inflict the deep cut that stretched across the victim's throat and severed her left carotid artery and right internal jugular vein, causing her to bleed to death.

Appellant then called a friend in Florida and confessed that he had killed the victim; took the children to a movie; and thereafter purchased bags of ice, which, upon his return home, he placed around the victim's body in the bathtub to stop it from smelling. Police officers, who came to the apartment in response to a call from the Florida friend about the killing, forced entry into the bathroom and found the victim's body.

In his trial testimony and statement to police appellant claimed that the victim attacked him with the knife and cut him on a finger; he took away the knife and cut her throat because he "just snapped."

This evidence was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of malice murder and possession of a knife during the commission of a felony. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Whether the evidence showed only voluntary manslaughter resulting from a serious provocation was a question for the jury. *Todd v. State*, 274 Ga. 98 (549 SE2d 116) (2001) (upholding malice murder conviction where accused claimed he "snapped" when wife told him she was leaving him). We find meritless appellant's contention that there was no evidence that appellant intended to kill the victim. See generally *Sheffield v. State*, 281 Ga. 33 (2) (635 SE2d 776) (2006).

---

[1] The crimes occurred on June 22, 2003. Jones was indicted September 3, 2003 in Gwinnett County. After a jury trial held February 8-11, 2005, he was found guilty on all charges and was sentenced to life imprisonment for the malice murder charge and a consecutive five-year term for the possession charge. His motion for new trial, filed February 16, 2005 and amended May 31, 2006, was denied July 14, 2006. A notice of appeal was filed July 21, 2006. The appeal was docketed December 14, 2006 and was submitted for decision on the briefs.

2. Appellant contends that because Count 2, the felony murder count of his indictment, failed to set forth how the predicate assault was of an aggravated nature, it actually set forth the offense of involuntary manslaughter and thus he should have been sentenced for that offense rather than malice murder.[2] Pretermitting any procedural impediments to our reaching this issue, we find that appellant was put on notice of the specific deadly weapon he was alleged to have used for purposes of the felony murder charge by the language in Count 3, which charged appellant with possession of a knife "having a blade of three or more inches in length during the commission of a felony, to wit: Murder, which is a crime against the person of another, contrary to the laws of [this] State." Appellant's indictment was thus sufficient to place appellant on notice that he was charged with felony murder predicated upon an aggravated assault with a deadly weapon, i.e., a knife. See *Middlebrooks v. State*, 253 Ga. 707 (2) (324 SE2d 192) (1985) (indictment sufficient to set forth underlying felony when it charges defendant with murder and with possession of a pistol and that defendant shot victim with pistol contrary to laws of state). See generally *Stinson v. State*, 279 Ga. 177 (2) (611 SE2d 52) (2005).

3. Appellant contends he received ineffective assistance of counsel based on counsel's failure to move for mistrial or seek the removal of a juror who became nauseated during the State's cross-examination of appellant and left the courtroom with the bailiff,[3] but who thereafter indicated her willingness to continue and was allowed to remain on the jury. To prevail on this claim, appellant was required to show both that counsel's performance was deficient and that the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Appellant has failed to show that counsel's performance was deficient in regard to seeking the removal of the juror, as nothing in the record shows either that the juror was rendered unable by illness to continue her service, so as to

---

[2] Count 2 charged appellant with
the offense of FELONY MURDER (O.C.G.A. 16-5-1) for the said accused . . . did then and there unlawfully while in the commission of a felony, to wit: Aggravated Assault, cause the death of [the victim], a human being by cutting her neck, thereby attempting a violent injury to [the victim]. . . .

[3] The transcript reflects that a bailiff escorted out a juror and the jury was taken to the jury assembly room. The trial court then perfected the record by noting that the stricken juror had "indicated she needed to leave the courtroom. When she was leaving the courtroom she was clutching at her stomach." Further inquiry was made and the trial court supplemented the record by stating that "apparently the intensity of the situation got to [the juror] and she felt sick and ended up going to the bathroom and throwing up. She said that she can continue on." The juror was provided with a cup of ice and offered mouthwash. After a recess, the trial resumed.

require her replacement with an alternate pursuant to OCGA § 15-12-172, or that anything improper occurred while the juror, while in the charge of the bailiff, was separated from the others during her temporary illness. See generally Annotation, "Separation of Jury in Criminal Case During Trial — Modern Cases," 72 ALR3d 131, §§ 2, 18-21, 32-33. Even assuming, arguendo, that counsel performed deficiently by failing to make inquiry into whether the juror's behavior (clutching her stomach and leaving the courtroom with the bailiff) had any impact on the rest of the panel, appellant failed to adduce any evidence to show that he was prejudiced by the lack of inquiry. We reject appellant's argument that he need not prove prejudice but can instead rely on the presumption of prejudice recognized by the courts when an "irregularity in the conduct of a juror" is shown, *Lamons v. State*, 255 Ga. 511, 512 (340 SE2d 183) (1986), because the law is well-established that the type of "irregularity" that gives rise to such a presumption of prejudice involves juror misconduct that has the potential to injure a defendant's due process rights, e.g., making an unauthorized visit to the crime scene and then presenting the findings to the jury panel, *Butler v. State*, 270 Ga. 441 (2) (511 SE2d 180) (1999); privately discussing the defendant's guilt prior to deliberations in violation of the court's instructions, see *Sims v. State*, 266 Ga. 417 (3) (467 SE2d 574) (1996); or improperly accessing outside news sources. See *Oliver v. State*, 265 Ga. 653 (3) (461 SE2d 222) (1995). Hence, in *Smith v. State*, 218 Ga. 216 (2) (c) (3) (126 SE2d 789) (1962), we found no error in the continued participation in the trial of a juror who became ill after the court had recessed for the night, even though the physician who attended the ailing juror was a witness in the case, because there was no discussion by anyone of the case on trial and thus the defendant had shown only " 'a mere trifling and immaterial irregularity in the conduct of a juror . . . without opportunity for injury.' " Id. at 223.

Under the facts in this case, appellant could not rely on any presumption of prejudice. Absent a showing of prejudice, no inquiry need be made into counsel's alleged deficiency. *Trammel v. State*, 265 Ga. 156 (1) (454 SE2d 501) (1995). Accordingly, the trial court's finding that appellant received effective assistance of counsel was not clearly erroneous and must be affirmed. See generally *Mayberry v. State*, 281 Ga. 144 (2) (635 SE2d 736) (2006).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 14, 2007.

*Wystan B. Getz,* for appellant.

*Daniel J. Porter, District Attorney, Richard A. Vandever, Assistant District Attorney, Thurbert E. Baker, Attorney General, David A. Zisook, Assistant Attorney General*, for appellee.