S13A0075. HUFF v. THE STATE.
(739 SE2d 360)

THOMPSON, Presiding Justice.

Appellant Marcus DeWayne Huff was convicted of malice murder for the stabbing death of Daniel Aftowski.[1] He appeals, asserting the evidence was insufficient to authorize appellant's conviction. Finding no error, we affirm.

---

[1] The murder occurred on or about February 4, 2010. Appellant was indicted on June 2, 2010, and charged with malice murder, felony murder, and aggravated assault. A jury trial was held on November 14-17, 2011, and appellant was found guilty of all counts. The trial court sentenced appellant to life in prison for malice murder; the remaining counts of the indictment were merged and vacated. See *Malcolm v. State*, 263 Ga. 369 (434 SE2d 479) (1993). Appellant's timely motion for a new trial was denied on July 17, 2012, and appellant filed a notice of appeal on August 14, 2012. The appeal was docketed in this Court for the January 2013 term and submitted for a decision on the briefs.

1. Huff fatally stabbed Aftowski 34 times in the neck and torso with a kitchen knife. The likely death blow — which severed Aftowski's subclavian artery — was struck with such force it shattered the victim's collarbone into three pieces. The details of the incident emerged dur-ing Huff's police interview and through statements he made to a friend, Lewis Brown.

Aftowski and Huff drank heavily together at Aftowski's apartment on the night in question. At some point, Aftowski told Huff that on a previous occasion when the two of them had been drinking, they engaged in a homosexual act. Aftowski also told Huff he videotaped the act, published the video on the internet, and sent the video to Huff's girlfriend. Huff told Brown he became "furious" because he felt "like [he] was less of man" and was afraid he had contracted AIDS. An altercation ensued. Huff went "berserk," "lost it," and stabbed Aftowski to death. Huff left the apartment to purchase cigarettes and bleach, using Aftowski's credit card; then he returned, moved Aftowski's body and attempted to clean the apartment.[2] Huff fled the scene in Aftowski's automobile, but not before taking Aftowski's wallet and hard drive.

Huff eventually turned himself in to authorities. In his police interview, he admitted stabbing Aftowski, adding "I know what I did wasn't right. It was wrong."

A defendant commits malice murder when he acts with either an express or an implied intent to commit an unlawful homicide. *Stahl v. State*, 284 Ga. 316, 319 (669 SE2d 655) (2008). Weighing the evidence in a light most favorable to the verdict and deferring to the jury's assessment of the weight and credibility of the evidence, we find the evidence sufficient to enable a rational trier of fact to find Huff guilty beyond a reasonable doubt of malice murder. *Jackson v. Virginia*, 443 U. S. 307, 326 (99 SC 2781, 61 LE2d 560) (1979).

Huff asserts the evidence demanded a verdict of voluntary manslaughter, in lieu of malice murder, because Aftowski provoked him. In this regard, Huff presented the testimony of a clinical and forensic psychologist who opined that Huff suffered from a brain injury and post-traumatic stress disorder as a result of a previous gunshot wound to the head;[3] and that Huff's condition made it difficult for him to control his impulses.

---

[2] Huff's attempt to clean the crime scene was incomplete. Significant blood spatter remained, and police later found Huff's bloody fingerprints in the apartment.

[3] The gunshot wound occurred over ten years prior to the murder.

[W]hen the evidence raises the offense of voluntary manslaughter, the question is whether the defendant acted out of passion resulting from provocation sufficient to excite such passion in a reasonable person. It is of no moment whether the provocation was sufficient to excite the deadly passion in the particular defendant. OCGA § 16-5-2 (a); *Nelson v. State*, 254 Ga. 611, 614 (2) (331 SE2d 554) (1985).

(Emphasis omitted.) *Lewandowski v. State*, 267 Ga. 831, 832 (483 SE2d 582) (1997).

The trial court charged the jury on voluntary manslaughter. Whether the evidence showed only voluntary manslaughter resulting from a serious provocation was a question for the jury. See *Todd v. State*, 274 Ga. 98 (549 SE2d 116) (2001) (jury authorized to find malice murder where accused claimed he "snapped" because wife told him she was leaving him). It cannot be said the jury was required to return a verdict of voluntary manslaughter under the facts of this case.

2. Because we find the evidence sufficient for malice murder, we need not address Huff's assertion that the evidence was insufficient to support the jury's felony murder verdict.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 4, 2013.

*Frances C. Kuo*, for appellant.

*Daniel J. Porter, District Attorney, John A. Warr, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Katherine L. Iannuzzi, Assistant Attorney General*, for appellee.