In the Supreme Court of Georgia

Decided: September 22, 2014

S14A0642. DUPREE v. THE STATE.

BENHAM, Justice.

Appellant Caesar Dupree appeals his convictions for malice murder and two counts of felony murder for the shooting death of John Darrisaw.[1] Dupree's sole enumeration of error relates to the sufficiency of the evidence to support his convictions. He asserts the evidence showed he acted in self-defense, or, at most, the evidence supported only a conviction of voluntary manslaughter.

Construed in the light most favorable to the verdict, the evidence shows the shooting occurred on the evening of December 3, 2008, after an argument that arose during a card game at the victim's house. During the card game,

[1] The crimes occurred on December 3, 2008. On February 10, 2009, a Laurens County grand jury returned an indictment charging appellant with malice murder and two counts of felony murder (aggravated assault). Appellant was tried May 12, 13, and 18, 2009, and a jury found him guilty on all counts. Given the malice murder conviction, the felony murder convictions were vacated as a matter of law, and the trial court sentenced appellant to life in prison. Appellant filed a timely motion for new trial on May 22, 2009, which was amended on October 7, 2013. After a hearing, the trial court denied appellant's motion for new trial by order filed October 31, 2013. Appellant filed a timely notice of appeal on November 26, 2013, and the case was docketed in this Court to the April 2014 term for a decision to be made on the briefs.

Dupree made derogatory comments about Darrisaw's t-shirt to which Darrisaw took offense. As a result, Darrisaw asked Dupree to leave. Dupree said goodbye and exited the house without complaint. Darrisaw went outside approximately three minutes later and a witness testified he saw Darrisaw put his empty hands in the air just as Dupree shot him in the abdomen. Darrisaw went back into the house, holding his side, and said, "He shot me." Darrisaw was pronounced dead at the hospital. Immediately after the shooting, Dupree locked his car and started walking through the woods near the victim's house. He showed up at his sister's house in the early morning hours where he cried and informed his nephew he had shot and may have killed someone. Dupree gave a Cobra .380 pistol to his nephew, who wrapped it in a towel. Dupree wished to turn himself in and, at Dupree's request, the nephew and nephew's father drove him to the sheriff's station. The nephew turned the pistol over to authorities. A ballistics expert testified that the shell casing recovered at the scene as well as the bullet removed from the victim's body were fired from Dupree's gun.

Dupree testified at trial and said he was disabled as the result of a logging accident and that he had been jumped and beaten in 2007, at which time he had

been unable to fight back. He further testified that the victim came at him as he was trying to get his car door unlocked and threatened to harm him, using obscene language and a racial epithet. According to Dupree, the victim lunged at him repeatedly and Dupree continued to back up. After the fourth lunge, Dupree shot the victim. Dupree further testified he was afraid of the victim because of the look in his eyes which he had never seen before, even though they had known each other for years. Because of the way the victim was acting, Dupree thought the victim might have a gun. Dupree also testified that part of his fear was attributable to his previous beating. He denied that the victim had his hands in the air as the eyewitness testified.

Pursuant to the standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (99 SCt 2781, 61 LE2d 560) (1979), we find that the evidence was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt for malice murder as well as the felony murder counts of the indictment. Although Dupree argued self-defense, the jury was not required to draw this conclusion from the evidence. See *Davis v. State*, 290 Ga. 584, 585 (1) (723 SE2d 431) (2012). When evaluating the sufficiency of the evidence to support a conviction, this Court does not resolve conflicts in the testimony or reweigh

the evidence. See *Caldwell v. State,* 263 Ga. 560, 562 (1) (436 SE2d 488) (1993).

Dupree asserts, however, that even if this Court rejects his self-defense argument the evidence supports, at most, a conviction for voluntary manslaughter. Voluntary manslaughter requires a finding that in causing the death of another, under circumstances that would otherwise be murder, the defendant acted "solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person." OCGA § 16-5-2 (a). Dupree argues that the evidence shows he feared for his safety, and, relying upon *Riley v. State*, 250 Ga. App. 427, 429 (1) (551 SE2d 833) (2001), he argues that such fear can be a circumstance sufficient to show voluntary manslaughter even if the jury rejected his defense of self-defense. The jury was instructed on voluntary manslaughter; thus whether the evidence showed only voluntary manslaughter and not murder was a question for the jury. See *Jones v. State*, 282 Ga. 47, 48 (1) (644 SE2d 853) (2007).

Judgment affirmed. All the Justices concur.