In the Supreme Court of Georgia

Decided: November 17, 2014

S14A0762. MCNAIR v. THE STATE.

THOMPSON, Chief Justice.

Appellant Michael McNair was convicted of malice murder in connection with the death of his wife, Peggy.[1] He appeals, asserting that the evidence was insufficient to support the verdict and that his trial counsel provided ineffective assistance. Finding no error, we affirm.

The evidence construed in favor of the verdict shows that the McNairs had been married for 23 years, but appellant had only recently returned to the marital home in January 2009 after residing in another state for two years. Appellant claimed to have found evidence that the victim had become romantically involved with a man named Leroy Edwards while the couple was living apart.

On the morning of February 15, 2009, the victim was in her bedroom

[1] The crime occurred on February 15, 2009. The next day, appellant was indicted by a Dodge County grand jury for malice murder. Following a jury trial, appellant was found guilty of malice murder on February 25, 2010 and sentenced to life in prison. Appellant filed a motion for new trial on March 19, 2010, which he amended on April 4, 2013. Following an April 9, 2013 hearing, the trial court denied appellant's amended motion for new trial on November 25, 2013. Appellant filed a notice of appeal on December 13, 2013 and the case was docketed in this Court for the April 2014 term and submitted for decision on the briefs.

getting dressed when appellant approached her from behind and struck her numerous times in the head with a hammer. Appellant claimed that he believed the victim was getting dressed to go see Edwards and that he just "snapped." Leaving the victim on the floor of the bedroom, appellant placed the hammer in a box above the washer and dryer and drove to his mother's house in Cochran, Georgia. En route, appellant called 911 and, explaining to the operator that "the emergency is murder," confessed that he had attacked his wife with a hammer, striking her four or five times. Appellant subsequently admitted to the police officer responding to the 911 call, that he had hit his wife in the head with a hammer multiple times. Appellant also told the officer where the hammer could be found. Consequently, emergency personnel and deputies went to the marital residence where they found the victim bloodied, but alive, and transported her to the hospital where she later died. The cause of the victim's death was determined to be blunt force head trauma consistent with being struck with a claw hammer.

1. Appellant challenges the sufficiency of the evidence with respect to his conviction for malice murder, arguing that the evidence only supports a verdict of voluntary manslaughter. Whether the evidence supports a verdict of malice

2

murder or voluntary manslaughter resulting from sufficient provocation is a question for the jury. See Jones v. State, 282 Ga. 47, 48 (644 SE2d 853) (2007). Here, the jury was authorized to conclude the provocation claimed by appellant was insufficient to incite passion in a reasonable person. See Lewandowski v. State, 267 Ga. 831, 832(2) (483 SE2d 582) (1997). Moreover, the State was not required to show premeditation or a preconceived intention on appellant's part as malice aforethought can be formed instantly. See Wynn v. State, 272 Ga. 861 (535 SE2d 758) (2000). Construed most strongly in support of the verdict, we find the evidence in this case was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of malice murder. See Jackson v. Virginia, 443 U. S. 307, 319 (99 SCt 2781, 61 LE2d 560) (1979).

2. Appellant also contends that he received ineffective assistance of counsel at trial, asserting that his trial counsel's performance was deficient in a number of ways. In order to prevail on these claims, appellant must show both that his counsel's performance was professionally deficient and that, but for counsel's unprofessional conduct, a reasonable probability exists that the outcome of the proceedings would have been different. See Strickland v. Washington, 466 U.S. 668, 688 (104 SCt 2052, 80 LE2d 674) (1984); Smith v.

Francis, 253 Ga. 782, 783 (325 SE2d 362) (1985). Moreover, a tactical or strategic decision made by counsel cannot form a basis for ineffective assistance of counsel unless it was "'so patently unreasonable that no competent attorney would have chosen it.' [Cit.]." Brown v. State, 288 Ga. 902, 909 (708 SE2d 294) (2011). We now review these claims.

(a) Appellant first asserts his trial counsel was ineffective for failing to ask that the jury be discharged or a mistrial granted after five members indicated they had been exposed to media coverage of the crime and pending trial after they had been chosen to serve. The record reveals that on the night before the trial was to begin, a local news station broadcast a story about the case and posted the story on the station's website. Concerned that jurors might have been exposed to this media coverage, appellant's trial counsel raised this issue with the trial court the next morning prior to the jury being sworn. Trial counsel requested that the jurors be polled in order to discover whether any jurors had seen the media coverage and, if they had, whether their ability to remain impartial had been compromised. Upon questioning by the trial court, several jurors admitted to seeing the coverage, but all those who had been exposed indicated upon further questioning by the court that they could remain impartial

4

and would base their verdict entirely upon the evidence presented at trial. Trial counsel testified on motion for new trial that, based on the jurors' responses, he made a conscious, strategic decision not to move to excuse any of the jurors or to request a mistrial.

The decision whether to replace a juror who has been exposed to inadmissible material or to grant a mistrial is within the trial court's discretion. See Washington v. State, 279 Ga. 722, 723 (620 SE2d 809) (2005); Guess v. State, 264 Ga. 335, 338(6) (443 SE2d 477) (exposure to media coverage does not automatically disqualify jurors). Similar measures to those taken by the trial court in this case have been deemed adequate by this Court in determining whether any prejudice inured to a defendant as the result of jurors' exposure to media coverage. See Guess, supra; Langston v. State, 162 Ga. App. 795, 796 (293 SE2d 54) (1982). Accordingly, we find that appellant has failed to meet his burden of showing that counsel's decision not to seek removal of the affected jurors in this case was deficient and prejudicial.

(b) Appellant next contends that counsel performed deficiently by failing to object when the State elicited hearsay testimony from Krista McNair, the couple's daughter, that the victim talked about routinely being drug tested at

work. Appellant asserts that this hearsay testimony implied the victim did not use drugs and contradicted appellant's claim that he left the marital home years earlier in part to get away from the victim's drug use. Trial counsel, however, testified that he strategically chose not to object to this testimony because it provided support for counsel's theory that the drug paraphernalia appellant found in the marital home belonged to Edwards. "Trial tactics and strategy, no matter how mistaken in hindsight, are almost never adequate grounds for finding trial counsel ineffective unless they are so patently unreasonable that no competent attorney would have chosen them." Gray v. State, 291 Ga. App. 573, 579 (662 SE2d 339) (2008). Here, appellant has not shown that trial counsel's decision not to object to this testimony was patently unreasonable and a decision that no competent attorney would have made. Nor, given the evidence presented, can appellant show that the outcome of his trial would have been different had this hearsay testimony been excluded. See Heard v. State, 274 Ga. 196, 199 (6) (552 SE2d 818) (2001) (improper admission of hearsay evidence does not constitute reversible error unless the appellant suffered harm).

(c) Appellant also claims his counsel was ineffective for failing to object when Krista McNair testified that the victim did not consider Edwards to be a

boyfriend, but merely a friend. Trial counsel stated he purposefully did not object to this hearsay testimony because he intended to, and did, use it to impeach the witness with contradictory statements she had previously made to law enforcement officers that Edwards left clothing at the marital home and occasionally spent the night. Under the circumstances, we find appellant has failed to show that trial counsel's strategic decision not to object to this testimony was unreasonable, and thus deficient.

(d) Finally, appellant contends his counsel provided ineffective assistance by failing to object to the following jury instruction:

> If the evidence shows the defendant killed the alleged victim without malice and not in a spirit of revenge, but under a violent, sudden impulse of passion created in the defendant's mind by ongoing adultery or the recent discovery of past adultery on the part of the victim, you would be authorized to consider whether or not the defendant is guilty of voluntary manslaughter.

Appellant claims this jury charge was misleading in that a reasonable juror might believe that voluntary manslaughter was *only* to be considered if there was a violent, sudden impulse of passion created in the defendant's mind due to an ongoing adulterous relationship by the victim or if there was a discovery of a past adulterous relationship by the victim, when other circumstances of the case should be considered as well. As a result, appellant contends his trial

counsel should have objected to the giving of this charge. We disagree.

Appellant's defense at trial was that an adulterous relationship between the victim and Edwards caused appellant to "snap," thus this charge was tailored to the evidence. Moreover, jury instructions are to be considered in context of the totality of the trial court's charge as a whole. See Shields v. State, 285 Ga. 372, 376 (3) (677 SE2d 100) (2009); Ricketts v. State, 276 Ga. 466, 473 (6) (579 SE2d 205) (2003). Here, the record shows that the trial court gave the standard charges from the Suggested Pattern Jury Instructions prepared by the Council of Superior Court Judges and that immediately after giving the charge on adultery as a potential provocation for voluntary manslaughter, the trial court charged the jury on voluntary manslaughter and on the State's burden of proof. In the context of the court's charge as a whole, we find that the charge given did not mislead the jury in this case nor hinder the jury's ability to consider other mitigating factors in appellant's defense. See Loadholt v. State, 286 Ga. 402, 404 (687 SE2d 824) (2010); Shields, supra at 376 (3). As a result, trial counsel's failure to object to the charge did not constitute deficient performance or prejudice under Strickland.

Judgment affirmed. All the Justices concur.